## 39200. FAVORS v. THE STATE.

FRANKUM, Judge. An accusation was preferred against J. H. Favors in the City Court of Blakely charging that he ". . . did . . . be & appear in the City of Blakely in the yard of the Early County Jail in an intoxicated condition, which

was caused by the excessive use of intoxicating liquors, drugs & opiates & made manifest by boisterousness, by indecent condition & acting, by the use of vulgar, profane & unbecoming language & by loud & violent discourse on the part of the said John H. Favors. . ." The defendant's demurrer to the accusation was overruled. Thereafter, he entered a plea of not guilty, was tried and convicted. He filed a motion for a new trial which was overruled. He appealed, assigning as error the judgments overruling his demurrer and denying his motion for a new trial. *Held:*

Under the accusation in this case the character of the place is an essential element of the offense charged against the defendant. *Code* § 58-608. The yard of a county jail is not per se a place of public gathering or assembly. It is public property in the sense that it belongs to the public as a body politic, but this is not the sense which determines its character as to whether it is a place of public gathering or assembly within the meaning of *Code* § 58-608, prohibiting manifested intoxication at a place of public gathering or assembly. It may become such under certain circumstances, and whether the yard of a certain jail is a place of public gathering or assembly in a given instance is for the jury. Though property may be owned by the public, its use may be restricted by proper authorities. *Code* § 91-705 provides in part: ". . . jails, . . . are placed in the keeping of the sheriff of their respective counties, subject to the order of . . . ordinaries or other authorities, and it is their duty to preserve them from injury or waste and to prevent intrusions upon them." People are not, as a matter of right, authorized to use a county jail or the yard thereof for public gatherings or assemblies.

"One accused of crime has the right, if he demands it by timely demurrer, to have an accusation perfect in form and substance." *Harris v. State,* 37 Ga. App. 113 (138 SE 922). *Robinson v. State,* 93 Ga. App. 203 (91 SE2d 52).

"Every indictment charging crime must be complete within itself, and charge the crime and every substantial element of the offense alleged to have been committed." *Durden v. State,* 152 Ga. 441 (1) (110 SE 283). See also *Massey v. State,* 56 Ga. App. 368 (192 SE 660); *Henley v. State,* 59 Ga. App. 595 (2 SE2d 139); *Johnson v. State,* 1 Ga. App. 195 (58 SE 265); *Laboon v. State,* 84 Ga. App. 784 (67 SE2d 149).

"Only in an indictment under a statute which makes the character of the place an essential element of the offense must the place at which the crime was committed be described with particularity." *Pines v. State*, 15 Ga. App. 348 (1) (83 SE 198), and cases therein cited.

Since the accusation in this case does not allege the character of the place where the offense was allegedly committed, the court erred in overruling the defendant's demurrer and in not dismissing the accusation. All further proceedings were rendered nugatory.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

DECIDED NOVEMBER 27, 1961.

*Phillip Sheffield*, for plaintiff in error.
*Lowery S. Stone, Solicitor*, contra.