49258. GRANT et al. v. THE STATE.

EVANS, Judge.

Clifford Grant, Jr. and Willie J. Grant were jointly indicted for the offense of burglary.

Upon the call of the case, their court appointed counsel announced he was ready to proceed with the trial of Clifford Grant, Jr., who was a jail prisoner, and with whom he had conferred and for whom counsel had prepared his defense. Counsel announced that he had not conferred with, and had not seen, Willie J. Grant until the morning of the trial. He requested a severance because of his lack of preparation as to Willie J. Grant, stating that he had made diligent effort to find Willie J. Grant, who was out on bond. He also requested permission to withdraw as counsel for Willie J. Grant. All of the foregoing was made in a single motion. The court allowed counsel fifteen minutes to confer with Willie J. Grant, stating that if he granted the motion at all it would be a continuance or postponement — "not a

severance." At the end of the fifteen minutes, counsel renewed his previous motion, which the court denied, holding defendant had ample opportunity to contact his court-appointed counsel; and it was not counsel's fault he was unprepared.

The case proceeded to trial. Both defendants were convicted and sentenced to serve fifteen years. Motion for new trial was made, heard and denied. Defendants appeal. *Held:*

1. Under the provisions of Code Ann. § 27-2101 (Ga. L. 1971, pp. 891, 892; 1972, pp. 618, 619), as to misdemeanors and felonies less than capital, "defendants may be tried jointly or separately in the discretion of the trial court." This case is somewhat similar to that of *Forehand v. State,* 130 Ga. App. 801 (204 SE2d 516); and *Smith v. State,* 215 Ga. 362 (110 SE2d 635). Those cases involved motions for continuance or postponement for lack of preparation whereas here defendants' counsel was prepared as to one defendant and totally unprepared as to the other. Counsel promptly moved for severance and requested that he be relieved as counsel for Willie J. Grant. Under the circumstances the court should have granted the motion or continued the case. "The constitutional guaranty of benefit of counsel . . . means something more than the mere appointment — such counsel is entitled to a reasonable time to prepare his defense properly." *Smith v. State,* 215 Ga. 362, 365, supra. It was not shown here that the defendant, Willie J. Grant, had ever received notice or knowledge that counsel had been appointed for him. Thus, no blame could be properly lodged against him for failure to contact counsel.

The court abused its discretion in denying the motion.

2. The remaining enumeration of error complains of the allowance of certain criminal admissions into evidence. The court, with the jury absent, heard the evidence as to whether or not inculpatory or exculpatory admissions by the defendants were freely and voluntarily made to a detective after arrest of defendants. The court then determined that these admissions were freely and voluntarily made after their constitutional rights had been explained to them and that defendants voluntarily

signed statements to that effect. The court did not err in refusing to suppress said admissions in which they denied the burglary, but admitted that each defendant was in the vicinity where the crime occurred at about the time it was committed.

3. But, for the reason stated in Division 1, the judgment is reversed.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED APRIL 5, 1974 — DECIDED MAY 9, 1974.

*Bouhan, Williams & Levy, James M. Thomas,* for appellants.

*Andrew J. Ryan, Jr., District Attorney, Howard A. McGlasson, Jr.,* for appellee.