## 30102. CAIN v. THE STATE.

HALL, Justice.

Hardwick Cain was convicted by a jury of the armed robbery of the Oaks Motel in Newnan and of aggravated assault for the shooting of the motel proprietor. He appeals the denial of his motions to sever his trial from that of his two co-defendants, Willie Howard Cunningham and Willie James Bettie.

At trial, despite direct identification of the defendant by the motel owner, Cain denied ever being at the Oaks Motel and claimed that he and the two other indictees had never left Interstate 85. He testified further that he had purchased the gun identified as that of the motel proprietor from three men at a filling station along the highway.

The co-defendants, Cunningham and Bettie, however, fully admitted their presence at the Oaks Motel. They testified that, although Cunningham and Cain had gone into the motel office, Cunningham had returned to the car with a beer. While sitting in the car in the rain with the radio playing, they had not realized that Cain had shot and robbed the motel owner. Because of this conflict in testimony, both defense attorneys, the one for Cain and the other for the co-defendants, made repeated motions to sever Cain's trial from that of the other two defendants. All of these motions were denied, and Cain asserts these denials as error. He claims that because his defense was inconsistent with that of the other two defendants, the denial of the motion to sever resulted in infringement of his Sixth Amendment rights to the effective assistance of counsel and to confront the witnesses against him.

In this case, the state was not seeking the death penalty. Code Ann. § 27-2101 provides that, "when indicted for a capital felony when the death penalty is waived or for a felony less than capital, or for a misdemeanor, defendants may be tried jointly or separately in the discretion of the trial court; in any event either defendant may testify for the other or on behalf of the State . . ." Since the grant or denial of a motion to sever is left to the discretion of the trial court, its ruling will be

overturned only for an abuse of discretion. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73); *Grant v. State,* 131 Ga. App. 759 (206 SE2d 709).

The relevant American Bar Association Minimum Standards relating to joinder and severance provide that the court should grant a severance before or during the trial whenever it appears "necessary to achieve a fair determination of the guilt or innocence of a defendant." ABA Standards, § 2.3 (b). It is thus evident that the trial judge must exercise his discretion in contemplation of the facts of each particular case. Tillman v. United States, 406 F2d 930 (5th Cir. 1969). But the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. Tillman v. United States, supra. He must make a clear showing of prejudice and a consequent denial of due process. Smith v. United States, 385 F2d 34 (5th Cir. 1967); Milam v. United States, 322 F2d 104 (5th Cir. 1963), cert. denied, 377 U. S. 911 (1964).

Some of the considerations for the court in exercising its discretion have emerged from the cases considering motions to sever: 1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? See, People v. Maestas, 517 P2d 461 (Colo. 1973). If the defendant can show the court by some facts that failure to sever will prejudice him under one or more of these considerations, his motion should probably be granted.

In the case before the court, Cain claims that his trial was prejudiced because his defense was antagonistic to that of his co-defendants. Therefore we consider only the third of these guidelines.

The mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. Sylvia v. State, 210 S2d 286 (Fla. 1968). A showing of harm is necessary. Brown v. United States, 375 F2d 310, cert. den. 388 U. S. 915 (1967). For example, if the defendant wishes to call his co-defendant as a witness, he

will not be able to do so in a joint trial because of his co-defendant's Fifth Amendment rights. In order to have his motion for severance granted, however, the defendant must show not only that his co-defendant will probably not testify at trial where he could cross examine him or elicit the testimony desired, but also that the testimony of the co-defendant would tend to exculpate the defendant. The trial judge should also consider whether the co-defendant would be more likely to testify if they were tried separately. Smith v. United States, 385 F2d 34 (5th Cir. 1967); United States v. Echeles, 352 F2d 892 (7th Cir. 1965).

In the case at bar, Cain has not showed any prejudice to his case which might have been avoided by severing the trials. The co-defendants, of course, could testify at his separate trial and would most probably not have changed their testimony. Furthermore, since both co-defendants did testify at the trial now on appeal, Cain had ample opportunity to cross examine them. Therefore, defendant's contention that he was denied effective assistance of counsel and his right to confront the witnesses against him because his attorney was not able to cross examine the co-defendants fully is without merit. Fear of eliciting information harmful to the defendant's interests on cross examination, and the "burden" of knowing the co-defendants are going to testify against the defendant, do not amount to a denial of Sixth Amendment rights. Since the statute clearly provides that a jointly tried defendant "may testify for the other or on behalf of the state, . . ." Cain may not complain merely because he does not like his co-defendants' testimony.

*Moore v. State,* 129 Ga. App. 612 (200 SE2d 320), urged by Cain does not demand a contrary result. In that case, the co-defendant made an unsworn statement which could not be cross examined by the defendant at their joint trial. The court held however that because the two defendants' testimony was not contradictory the defendant was not prejudiced. See also *Merrill v. State,* 130 Ga. App. 745 (204 SE2d 632). This should not be read to mean, as Cain suggests, that if the co-defendant's testimony *is* contradictory a severance should be granted. Instead, the focus is properly on whether or not the

defendant is prejudiced. Since Cain had a chance to cross examine the co-defendant, he was not unfairly prejudiced by the contradictory testimony.

We therefore hold that the trial court did not err in denying the defendant's motion to sever.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., and Gunter, J., who concur in the judgment only.*

SUBMITTED JUNE 30, 1975 — DECIDED SEPTEMBER 12, 1975.

*Sanders, Mottola, Haugen, Wood & Goodson, Parnell Odom,* for appellant.

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.