## 53927. LASTER v. THE STATE.

Deen, Presiding Judge.

1. The appellant was jointly indicted, tried and convicted of burglary along with two others. His motion for severance, based only on his affidavit that he believes the testimony against one of his co-defendants will be prejudicial to his case, was denied. No request to introduce testimony in support of this general statement appears. The trial judge's refusal to allow severance in a non-capital case is final unless there is an abuse of discretion. Code § 27-2101. No such abuse appears here. *Cain v. State,* 235 Ga. 128 (218 SE2d 856).

2. Laster's attorney objected to a witness, C. A. Andrews, apparently on the ground that the name had

been furnished to him as C. A. Anderson. The district attorney stated in his place that this was a typographical error on the part of his secretary, but also that the attorney of a co-defendant had originally been furnished with the correct name at a time when he was representing all three indictees, and only shortly before trial had the attorney been made aware that this appellee had changed lawyers, at which time he made an honest effort to furnish him with relevant information. The first attorney did in fact take part in the trial representing a co-defendant. We have examined the record carefully and find no evidence of prejudice to Laster resulting from this occurrence.

3. The jury could have found from the evidence construed in favor of the verdict that Laster, with the half brothers, Wimbush and Williams, entered the subsequently burglarized store in Pine Mountain, a town about 45 miles from their residence, just before noon on December 31, 1975, and examined merchandise there; that at about 6 p.m. Wimbush and Williams rented a U-Haul van; that around 8 p.m. the three left Laster's house ostensibly bound for a town the other side of Pine Mountain "for furniture"; that police found and questioned them just before midnight parked in the yard of a residence near the store; that the van was searched by consent but nothing was turned up except three pair of cloth gloves and a set of gun grips from a .38 Rossi revolver; that the store was broken into at some time between noon of the 31st and 1 p.m. of New Year's Day and merchandise had been piled in back but not taken from the premises, and that on the following day Wimbush sold a .38 Rossi revolver to a witness, the weapon being identified by serial number as having come from store inventory.

We find this evidence sufficient as against the general grounds of a motion for new trial. The co-defendants were intercepted together around midnight. Laster's own testimony placed him with the others from 7:30 p.m., and the jury could have believed this part of the evidence along with other testimony tying the co-defendants to the burglary. It was not error to deny the motion for a new trial.

*Judgment affirmed. Webb and Marshall, JJ.,*

*concur.*

ARGUED MAY 5, 1977 — DECIDED MAY 13, 1977.

*W. B. Steis,* for appellant.
*E. Mullins Whisnant, District Attorney,* for appellee.