## 32609. LIGGINS v. THE STATE.

PER CURIAM.

Appellant was convicted of rape and sentenced to life imprisonment.

At trial, the state produced evidence to show Liggins, Levi Smith, Henry Cook, and Robert Lee, Jr., were returning from motorcycle races near Macon to their homes in Baldwin County, accompanied by a girl friend. Upon crossing the Oconee River bridge near Milledgeville, they passed the victim, a girl of 15 years of age, walking along the road. She had run away from home and was going to Sandersville. Smith, the driver, stopped alongside the girl and the appellant, Liggins, asked the girl if she wanted a ride. The girl hesitated, looked into the car, and declined. Driving on, Levi Smith commented he thought the girl would have gotten into the car if there

were fewer occupants. At a service station nearby, Cook, Liggins and the girl friend got out, the girl friend got a ride and went home. Levi Smith and Robert Lee, who was asleep in the rear of the automobile, went back to the girl walking on the highway, who accepted a ride offer from Smith. Smith then returned to the service station, picked up Liggins and Cook, and drove to a nearby wooded area. Smith and the girl walked into the woods, talked for about ten minutes, and returned to the car, where she entered the rear seat with Smith. The prosecutrix testified Smith had told her in the woods that if she did not have sex with him, the rest of the men at the car would do it to her. She stated she felt that if she refused him, they would kill her. Smith had intercourse with her, followed by Cook and Liggins. Lee, suffering from a sickness, was unable to accomplish the act and the girl's statement to police indicated only three of the four youths had "attacked" her. After leaving the woods, Smith dropped off Liggins, Cook and Lee. He then returned to the woods and forced the girl to have intercourse again; then, following a trip to a nearby drive-in, he again returned to the woods and repeated the act with the girl. Following her release, the girl was spotted in a dazed condition. She stated she had been raped. Medical evidence also corroborated severe tenderness, a small tear, and the presence of semen. Following their arrest, the defendants voluntarily gave statements, admitting they had attempted to have intercourse with the girl but for one reason or another could not. Their defense was that the girl had consented to the act; however, the jury returned guilty verdicts against Smith, Cook and Liggins. Lee was acquitted. Liggins appeals, citing six enumerations of error. We affirm.

1. In his first three enumerations, appellant argues his motion for severance should have been granted (a) because each defendant was represented by a separate attorney defending charges constituting capital felonies; (b) that the opening statement by Lee's counsel plainly showed his defense to be antagonistic to that of appellant; and (c) that Lee's declared intention to use the prosecutrix to show he did not engage in the rape, where the prosecutrix had stated only three men had "attacked" her, was prejudicial and plainly an antagonistic defense

to appellant's defense. There was no error for any reason cited by appellant. At the hearing on the motion for severance, the state declared the death penalty would not be sought, and it is within the sound discretion of the trial judge to sever. Code Ann. § 27-2101 (Ga. L. 1855-6, p. 226; 1858, p. 99; 1878-9, p. 59; 1971, pp. 891, 892; 1972, pp. 618, 619). Under the facts of this case, the trial court was authorized to find the interest of justice was best served by a joint trial. *Mathis v. State,* 231 Ga. 401 (202 SE2d 73) (1973). Also we find that the defenses of these defendants were not antagonistic. Each of the defendants gave statements confirming they were at the scene and attempted intercourse with the victim. Furthermore, appellant shows no harm resulting from Lee's defensive actions. See *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975). The trial judge properly limited further discussion of the severance motion following the commencement of the trial. That issue was fully explored at the pre-trial hearing on the motion, and the issue was thus preserved "in the record" for appeal purposes. Enumerations of error 1, 2 and 3 are without merit.

2. The evidence was sufficient to establish venue. The victim testified the rape occurred in Baldwin County.

3. There was no error in charging the law of conspiracy under the facts of this case. See *Fincher v. State,* 211 Ga. 89 (4) (84 SE2d 76) (1954) and citations. The evidence showed Liggins and others enticed the victim into their automobile and that, while acting together, each aiding and abetting the other, they accomplished their unlawful purpose. *Dixon v. State,* 231 Ga. 33 (200 SE2d 138) (1973).

4. The evidence authorized the verdict. The jury was authorized to find that the 15-year-old victim identified the defendant as having raped her; that her testimony was corroborated by an outcry and medical evidence. Appellant admitted he tried to have intercourse with the victim but testified he was unable to do so.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 5, 1977 — DECIDED SEPTEMBER 6, 1977.

*Thomas M. Jackson,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General,* for appellee.