32647. DURHAM v. THE STATE.
32648, 32649. STROUD v. THE STATE (two cases).

NICHOLS, Chief Justice.

The defendants were jointly indicted, tried and convicted of the murder of Adam Middlebrooks. Each was sentenced to life imprisonment, their motions for new trial on the general grounds were overruled, and each filed separate appeals.

1. The first enumeration of error contends the trial court erred in overruling their motions for severance. Since the state waived the death penalty, it was within the sound discretion of the trial court whether to grant or deny the motion. Code Ann. § 27-2101. Under the facts of this case, since all three defendants testified and were cross examined, no prejudice is shown. *Cain v. State,* 235 Ga. 128, 130 (218 SE2d 856) (1975). The trial court did not err in overruling the motions of all three defendants for separate trials.

2. The second and third enumerations of error contend it was error to deny their motion to suppress

statements given by two of the defendants and thereafter in admitting the statements of Durham and Tommy Stroud because it violated the Bruton rule. In the hearing on the motion to suppress, the trial court found that all the defendants had been given their Miranda rights, that they were fully explained to them and that all signed a written waiver of rights. All three defendants testified at the trial and were cross examined. The confrontation clause is not violated by admitting a declarant's out-of-court statement as long as the declarant is testifying as a witness and subject to full cross examination. California v. Green, 399 U. S. 149 (90 SC 1930, 26 LE2d 489) (1970). There is no merit in these enumerations of error.

3. In the fourth enumeration of error, in Durham's appeal, it is contended the trial court erred in excluding evidence of Durham's offer to take a polygraph test.

In *Cagle v. State,* 132 Ga. App. 227 (2) (207 SE2d 703) (1974), that court held: "Neither an agreement to take a polygraph, nor the taking of one, constitutes a waiver of a right to object to the admission of its results into evidence, absent an express stipulation of the parties as to its admissibility." Since the offer was not accepted by the state, it is therefore subject to objection and the trial court did not err in excluding this testimony. See also *Stack v. State,* 234 Ga. 19 (1, c) (214 SE2d 514) (1975).

4. The remaining enumeration of error contends the trial court erred in overruling the motion for new trial on the general grounds. We have reviewed the record in this case and find no merit in this enumeration of error.

*Judgments affirmed. All the Justices concur, except Bowles, J., who concurs in the judgments only.*

32647, ARGUED SEPTEMBER 19, 1977; 32648, 32649, SUBMITTED AUGUST 12, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 9, 1977, IN CASE NO. 32647.

*Walker Chandler,* for Durham.

*A. Vernon Belcher,* for appellants (case nos. 32648 and 32649).

*William F. Lee, Jr., District Attorney, Arthur K.*

*Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

