## 60261. KNOWLES v. THE STATE.
## 60262. SWARTZ v. THE STATE.

Sognier, Judge.

Appellants were tried jointly and convicted of several counts of communicating gambling information, commercial gambling and gambling. In their first enumeration of error both appellants contended the transcript was incomplete and they were thereby denied their right of perfecting an effective appeal. The Supreme Court has ruled that the record is sufficiently complete to review, and directed this court to consider appellants' enumerations of error. *State v. Knowles,* 247 Ga. 218 (274 SE2d 468) (1981). Accordingly, Enumeration 1 of both appeals has been decided adversely to appellants.

1. Both appellants enumerate as error the trial court's denial of their motion to suppress evidence obtained as a result of electronic surveillance. Contentions almost identical to those of appellants were made in the case of *Morrow v. State,* 147 Ga. App. 395 (249 SE2d 110) (1978), also a gambling case, and were decided adversely to appellants' contentions. Accordingly, these enumerations are

without merit.

2. Appellant Knowles contends the trial court erred by denying his motion for a directed verdict of acquittal and his motion for a new trial on the general grounds. This court rules on the sufficiency of the evidence, not its weight, which was considered by the jury (*Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978)) and the evidence in the instant case is sufficient to support the findings. We find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 1979).

3. Knowles next contends the trial court erred by charging the jury on conspiracy. However, at least seven of appellants' requests to charge were on the law of conspiracy and he cannot now complain that the court had no basis to charge on conspiracy. *McCrary v. State,* 238 Ga. 432, 433 (233 SE2d 210) (1977).

4. Appellant Knowles contends the trial court erred by overruling his general demurrer to the indictment, because it is void of any allegation against him and is, therefore, insufficient to allege any offenses committed by Knowles. Code Ann. § 27-701 provides, in part: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury . . ." The indictments in the instant case were stated in the terms of the Code (Code Ann. §§ 27-2703, 27-2706), and could certainly be easily understood by the jury. Further, in *Bruster v. State,* 228 Ga. 651, 652 (3) (187 SE2d 297) (1972), our Supreme Court held: " 'It has been repeatedly held by this court that a conspiracy may be proved, though not alleged in the indictment or accusation. [Cits.]' *Chambers v. State,* 194 Ga. 773, 784 (22 SE2d 487)." However, appellant contends the state failed to set forth the time and place he violated any laws. This contention is not supported by the record, for the indictments set forth not only the dates the offenses occurred, but the specific time on each date is alleged. Further, all offenses allege that the offenses occurred in Cobb County, Georgia, and an indictment which charges that an offense occurred in a certain county is sufficient, *Studstill v. State,* 7 Ga. 2, 15 (9) (1849), unless the statute makes the character of the place an essential element of the offense. *Favors v. State,* 104 Ga. App. 854, 856 (123 SE2d 207) (1961). Thus, this enumeration is without merit.

5. Lastly, Knowles contends the trial court erred by denying his motion for severance. Code Ann. § 27-2101 provides, in pertinent part: "When two or more defendants are jointly indicted . . . for a felony less than capital, or for a misdemeanor, defendants may be

tried jointly or separately in the discretion of the trial court; . . ."

*Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975), cited by both appellant and the state, sets forth some of the considerations for the trial court in exercising its discretion on motions to sever. Those considerations are (1) whether the number of defendants will create confusion of the evidence and law applicable to each individual defendant; (2) whether there is a danger that evidence admissible against one defendant will be considered against another despite an admonitory precaution of the court; and (3) whether the defenses of the defendants are antagonistic. Id., at 129. There were only two defendants in this trial; Knowles' defense was that he was not involved in any of the gambling charges, and Swartz' defense was that he was only gambling, not communicating gambling information. In our opinion these defenses are not antagonistic, and we do not believe evidence relating to two defendants would create confusion. Thus, we do not believe the first and third criteria exist in the instant case as a ground for severance. As to the second criterion, the state was proceeding on the theory of conspiracy, and acts and statements of one conspirator in furtherance of the conspiracy are admissible against all other conspirators. Code Ann. § 38-306; *Daniels v. State,* 58 Ga. App. 599 (2) (199 SE 572) (1938). See also *Gunter v. State,* 243 Ga. 651, 659 (256 SE2d 341) (1979). Hence, the second criterion in *Cain,* supra, is not present, and we find no showing of prejudice to Knowles by denial of his motion to sever. Accordingly, the trial court did not abuse its discretion in denial of the motion.

Appellant Swartz.

6. In Swartz' remaining enumeration of error, he contends the trial court erred by denying his motion to quash the indictment against him. The basis of his contention is that he was a sworn police officer and was not given notice of indictment and allowed to appear before the grand jury pursuant to Code Ann. §§ 27-706 and 89-9908. While § 27-706 provides for notice as contended by appellant, such notice is only required when a peace officer is charged "with a crime which is alleged to have occurred *while he was in the performance of his duties.*" (Emphasis supplied.) The evidence showed that appellant was sworn in as a part-time detective, given a police badge and police identification. He testified that the sole purpose of the badge was to allow him to carry a pistol; that he didn't want to be a detective; and he did not use the badge. Further, appellant did not meet the requirements of Code Ann. § 92A-2108 to be employed or certified as a peace officer. Assuming, arguendo, that appellant was a peace officer, the offenses set forth in the indictment are not alleged to have occurred while he was in the performance of his official duty. Accordingly, § 27-706 is not applicable to appellant's case, *Mize v.*

*State,* 152 Ga. App. 190, 191 (1) (262 SE2d 492) (1979), and this enumeration is without merit.

*Judgment affirmed in both cases. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 26, 1981 —
REHEARING DENIED JULY 10, 1981

*Hylton B. Dupree, Jr.,* for appellants.
*Thomas J. Charron, District Attorney,* for appellee.