## 62068. FLORES v. THE STATE.

BANKE, Judge.

The appellant and Oscar Paras were jointly tried and convicted of possession of cocaine with intent to distribute. The evidence showed that Paras agreed to furnish a pound of cocaine to a GBI informant for $29,000 and that he met with the informant and a GBI agent in a motel room to consummate the transaction. The appellant was arrested while waiting in the driver's seat of Paras' car, outside the motel room.

After his arrest, Paras wrote a statement concerning the cocaine transaction which apparently exculpated the appellant. He testified at a pre-trial hearing that he had done this at a time when both he and the appellant were represented by attorney Joe Salome and that he had done so at Salome's suggestion. (Although Paras subsequently retained other counsel, Salome continued to represent the appellant up until the time of trial.) Paras further testified that the statement was not true and that he planned to tell the truth (i.e., inculpate the appellant) at trial. The trial court secured the written statement and ordered it sealed. He then disqualified Mr. Salome from participating in the appellant's defense but allowed an associate counsel to handle the case, stating that Paras' written statement could not be used to impeach that witness' testimony at trial. He further ruled that the

appellant, who apparently had been present when the statement was made, could not testify as to its contents. The appellant and Paras each moved for a severance before and at various times during the trial, and each motion was denied. During the course of the trial Paras, testifying in his own defense, characterized the appellant as the source of the drugs. The appellant denied any knowledge of the transaction whatsoever.

On appeal the appellant contends that the trial court erred in denying the severance motions, in denying his right to counsel of his own choosing, and in refusing to allow him to cross examine Paras, or to testify himself, concerning the written statement. *Held:*

1. The trial court concluded from the conflicting testimony that Salome had represented both defendants at the time Paras made the statement exculpating the appellant. Paras' statement is not part of the record before us. However, it is clear that if it exculpated the appellant, it conflicted with Paras' testimony at trial and was thus relevant for impeachment purposes. Since Salome obtained the statement during his representation of Paras, a conflict of interest is apparent. "[W]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant." United States v. Dolan, 570 F2d 1177 (3d Cir. 1978), as cited in *Fleming v. State,* 246 Ga. 90, 93 (270 SE2d 185) (1980). Since Salome was prohibited by the code of ethics from cross examining his former client about the statement, the trial court did not err in disqualifying him from the appellant's defense.

2. Code Ann. § 27-2101 provides that "[W]hen . . . indicted . . . for a felony less than capital, or for a misdemeanor, defendants may be tried jointly or separately in the discretion of the trial court; in any event either defendant may testify for the other or on behalf of the state . . ." "The relevant American Bar Association Minimum Standards relating to joinder and severance provide that the court should grant a severance before or during the trial whenever it appears 'necessary to achieve a fair determination of the guilt or innocence of a defendant.' ABA Standards § 2.3 (b). It is thus evident that the trial judge must exercise his discretion in contemplation of the facts of each particular case. Tillman v. United States, 406 F2d 930 (5th Cir. 1969). But the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. Tillman v. United States, supra." *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975).

One of the considerations for the court in the exercise of its discretion is whether the defendants' defenses are antagonistic, as

they were in the case before us now. However, this fact alone does not require separate trials. "A showing of harm is necessary. Brown v. United States, 375 F2d 310, cert. den. 388 U. S. 915 (1967). For example, if the defendant wishes to call his co-defendant as a witness, he will not be able to do so in a joint trial because of his co-defendant's Fifth Amendment rights. In order to have his motion for severance granted, however, the defendant must show not only that his co-defendant will probably not testify at trial where he could cross examine him or elicit the testimony desired, but also that the testimony of the co-defendant would tend to exculpate the defendant." *Cain v. State,* supra, p. 129. In the case sub judice not only did the co-defendant testify, his testimony was anything but exculpatory as to the appellant's participation in the crime. Although the trial court severely restricted appellant's cross examination of Paras concerning the prior statement, this did not absolutely require that the appellant be afforded a separate trial, for a separate trial would in no way have alleviated the problem involved in making use of this statement.

3. The central issue with respect to the admissibility of Paras' prior statement is whether the statement is protected by the attorney-client privilege or whether the appellant acquired his knowledge of its contents in a manner independent of the attorney-client relationship. The record before us is insufficient to permit an answer to that question, and the possibility exists that the appellant's testimony concerning the contents of the statement would have been admissible. Cf. *Buffington v. McClelland,* 130 Ga. App. 460 (3) (203 SE2d 575) (1973). As the appellant's offer of proof on the issue was refused by the trial court, the case must be remanded for further inquiry. If the appellant's testimony is determined to be admissible, then a new trial must be granted. Otherwise, the judgment of conviction may be reinstated.

4. We have considered the additional errors enumerated by the appellant, including a challenge to the sufficiency of the evidence, and find them to be without merit.

*Judgment vacated and case remanded for further proceedings consistent with this opinion. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 16, 1981.

*Rees R. Smith,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys,* for appellee.