63535, 63536. COLE v. THE STATE (two cases).

SHULMAN, Presiding Judge.

A jury convicted appellants of two counts of child molestation, one count involving Mrs. Cole's eleven-year-old son and the other count concerning her nine-year-old son. The state presented evidence to the effect that the boys were forced by appellant Lawson Cole (the boys' stepfather) to engage in sexual relations with their mother, appellant Mary Cole. Appellants seek reversal of their convictions on four grounds. Finding no error, we affirm the convictions.

1. In their first enumeration of error, appellants maintain that the trial court erroneously failed to grant a directed verdict of acquittal because the state failed to prove venue. We first note that neither defendant made such a motion at trial. However, even if the motion had been made, its denial would have been proper since there was sufficient evidence to show that the crimes were committed in Coweta County.

" 'It is well recognized in this state that slight evidence is sufficient to establish venue, where there is no conflicting evidence. [Cits.] Further, circumstantial as well as direct evidence may be used to establish venue. [Cit.] Venue is a question to be decided by the jury and its decision will not be set aside as long as there is any evidence to support it. [Cits.]' " *Jones v. State,* 245 Ga. 592, 596 (266 SE2d 201). The evidence adduced at the trial of this case, though circumstantial, was sufficient, in the absence of any conflicting evidence, to establish venue in Coweta County.

None of the cases cited by appellants (*Moye v. State,* 65 Ga. 754;

*Cooper v. State,* 106 Ga. 119 (32 SE 23); *Gibson v. State,* 52 Ga. App. 297 (1) (183 SE 83); and *Patterson v. State,* 157 Ga. App. 233 (276 SE2d 900)), is applicable to the present appeals inasmuch as each of the cited opinions revolves around the rule that "evidence merely identifying the location of a crime's commission as a given city without further specifying the county or state within which that city is situated does not establish venue beyond all reasonable doubt. [Cits.]" *Patterson v. State,* supra, p. 234. Here, there was testimony which placed Arnco in Coweta County.

2. Each count of the indictment charged appellants with "unlawfully [committing] an immoral or indecent act with [victim's name], a child under 14 years of age, with the intent to arouse or satisfy the sexual desires of either the said child or the said accused, contrary to the laws of said state . . ." Appellants believe that the indictment is fatally defective because it is stated in the disjunctive, and they maintain that the trial court erred when it failed to sustain their special demurrer to the indictment on that ground.

" 'When a defendant is charged with the violation of a penal statute containing disjunctively several ways or methods a crime may be committed, proof of any one of which is sufficient to constitute the crime, the indictment, in order to be good as against a special demurrer, must charge such ways or methods conjunctively if it charges more than one of them. [Cits.]' " *Vann v. State,* 153 Ga. App. 710, 711 (266 SE2d 349). This precept, under which appellants are traveling, is not applicable to the present cases since the statute involved herein (Code Ann. § 26-2019) does not contain "disjunctively several ways or methods [in which] a crime may be committed." Compare *Vann,* supra; *Statham v. State,* 50 Ga. App. 165 (2) (177 SE 522). The disjunctive phrases are, instead, descriptive of the offensive act. See *Cragg v. State,* 117 Ga. App. 133 (159 SE2d 717). While the better practice would be to draw indictments charging this offense in the conjunctive, the denial of the special demurrer was not error under the circumstances of this case.

3. Statements made by appellants to authorities were introduced against appellants at trial after the trial court determined that appellants had made the statements knowingly and voluntarily. Appellants now take issue with that ruling.

"The trial court concluded that [appellants] had freely and voluntarily waived [their] rights to silence and an attorney and had chosen to make a confession. We must accept those factual determinations by the trial court unless those findings are shown to be clearly erroneous [cit.], and they are not so shown. The standard the state was required to meet before the trial judge concerning the statement[s] was to show [them] voluntary by a preponderance of the

evidence considering the totality of the circumstances. [Cits.] That standard was clearly met." *Pierce v. State,* 235 Ga. 237 (3) (219 SE2d 158). Appellants' enumeration is without merit.

4. Finally, appellants assert that the trial court should have granted their severance motions.

Whether defendants jointly indicted for a non-capital offense shall be tried separately or together is a question addressed to the discretion of the trial court. Code Ann. § 27-2101. In challenging the denial of a motion to sever, appellants must show an abuse of the trial court's discretion before their convictions will be reversed. *Cain v. State,* 235 Ga. 128 (218 SE2d 856). In exercising its discretion, the trial court should consider "whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses. [Cit.]" *Murphy v. State,* 246 Ga. 626 (2) (273 SE2d 2). The first and third concerns are not involved in these appeals since there are only two defendants, each of whose defense, total denial of doing the acts charged, is not antagonistic to the co-defendant's defense. See *Knowles v. State,* 159 Ga. App. 239 (5) (283 SE2d 51).

Appellants, however, contend that they were prejudiced by the joint trial because the state introduced each appellant's statement which mentioned the co-defendant. The trial court charged the jury that the statement of each defendant was to be considered only against that defendant and could not be considered against the co-defendant. There is no evidence that the jury disregarded those instructions. See *Duffy v. State,* 156 Ga. App. 847 (1) (275 SE2d 658).

Appellants also urge that the joint trial was prejudicial to them because the admission of their statements was, in effect, the compelled testimony of one spouse against another. We must also disagree with this argument. In the first place, the statements were not testimony. Secondly, the trial court instructed the jury that it could not consider the statements of appellants unless it found them to have been voluntarily made. Thus, any statements considered by the jury were found to be voluntarily made and not compelled. Appellants' enumeration is without merit.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED MAY 13, 1982.

*Alan W. Jackson,* for appellant (case no. 63535).
*Sidney Pope Jones, Jr.,* for appellant (case no. 63536).

*Arthur E. Mallory III, District Attorney,* for appellee.