## 66261. HILL v. THE STATE.
## 66262. THOMAS v. THE STATE.

BANKE, Judge.

Following a joint trial, the two appellants were convicted on separate indictments charging each of them with two counts of burglary. On appeal, their appointed counsel has filed a motion to withdraw from the case pursuant to Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), accompanying the motion with a brief raising points of law which might arguably support the appeals. Appellant Hill has responded by filing a *pro se* brief alleging that he received ineffective assistance of counsel. He also contends that the trial court erred in failing to conduct a Jackson v. Denno hearing prior to admitting evidence of inculpatory statements which he made to police and in failing to sever the two counts and try him separately as to each one. *Held:*

1. Counsel's Anders motion is granted. After conducting a thorough examination of the record and transcript, we find no ground for reversal and no arguable merit to the appeals. See generally *Bethay v. State,* 237 Ga. 625 (229 SE2d 406) (1976). The evidence presented at trial was more than ample to enable a rational trier of fact to find both appellants guilty of both offenses beyond a reasonable doubt. See generally *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). We nevertheless proceed to address the issues raised by appellant Hill in his *pro se* brief.

2. A lengthy Jackson v. Denno hearing was in fact held upon motion of defense counsel. From the evidence presented by the state at that hearing, it appears that the appellants were twice advised of their Miranda rights on the day of their arrest and that on the following day, upon being asked if they remembered their rights, each responded in the affirmative. They were then taken on a ride through the countryside so that they could point out to police the houses which they had burglarized. The officers testified that no threats or promises were made to induce the defendants' cooperation. On the basis of this evidence, the trial court was authorized to conclude that the appellants cooperated with police freely and voluntarily, after proper advisement of their Miranda rights. Accord, *Moten v. State,* 231 Ga. 642 (203 SE2d 527) (1974); *Anglin v. State,* 244 Ga. 1 (2), 3

(257 SE2d 513) (1979).

3. The two burglaries were committed on the same day and were clearly the product of a continuous series of acts constituting a single criminal plan or purpose. Thus, there was no basis upon which to move for severance of the two offenses. See generally *Dingler v. State,* 233 Ga. 462 (211 SE2d 752) (1975); *Clemson v. State,* 239 Ga. 357 (1), 359 (236 SE2d 663) (1977); *Johnson v. State,* 158 Ga. App. 398 (4) (280 SE2d 419) (1981).

4. Similarly, there was no basis upon which the appellants could have asserted a right to separate trials. Appellant Hill was the only one of the two who testified, and he maintained that both he and his co-defendant were innocent. Their defenses were in no way antagonistic, and the evidence and law applicable to both cases were identical. Thus, there was no reasonable possibility that a joint trial could have given rise to confusion resulting in prejudice to either of them. See generally *Cain v. State,* 235 Ga. 128 (218 SE2d 856) (1975); *Knowles v. State,* 159 Ga. App. 239 (5) (283 SE2d 51) (1981); *Cole v. State,* 162 Ga. App. 353 (4) (291 SE2d 427) (1982).

5. Finally, there is nothing in the record or transcript before us which would support a finding that the appellants did not receive reasonably effective assistance of counsel. See generally *Hawes v. State,* 240 Ga. 327, 329 (240 SE2d 833) (1977); *Willis v. State,* 249 Ga. 261 (6) (290 SE2d 87) (1982). In particular, there is no evidence which would tend to substantiate appellant Hill's claim that counsel failed to consult adequately with him prior to trial or that counsel was not familiar with the facts and law applicable to the case. It is clear from a reading of the transcript that the convictions resulted not from any alleged deficiencies in the representation provided by defense counsel but rather from the overwhelming evidence of the appellants' guilt.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 19, 1983.

Thomas Hill, *pro se,* Laressa Thomas, *pro se.*
*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Assistant District Attorney,* for appellee.