### 40743. KENNEDY v. THE STATE.
(317 SE2d 822)

BELL, Justice.

The appellant, Harry Kennedy, and Graylin Boyd were jointly indicted and tried for the murder and armed robbery of Ronald Taylor Lewis. Following a trial by jury, the appellant was found guilty of felony murder and robbery by intimidation. Boyd was convicted only of robbery by intimidation. The appellant's motion for new trial was denied, and he now appeals.

On March 17, 1982, the victim, twenty-year-old Ronald Lewis, attended the St. Patrick's Day parade in Savannah, Georgia. In the early evening hours of that day his body was discovered lying near the corner of Randolph and President streets in Savannah. He had been stabbed once in the chest and died from massive hemorrhaging due to the stab wound. John Washington testified that on March 17, 1982, he stepped out of his home about 7:30 p.m. and saw four people, including the appellant and Graylin Boyd, standing over an object near the corner of Randolph and President streets. He said that they stood there for a few moments and then walked off. When they did, he walked toward the object and discovered that it was a body. He then called the police. Cynthia Johnson also testified that in the early evening hours of March 17, 1982, she discovered the body of a white male who had been stabbed near the intersection of Randolph and President streets. She testified that she called the police and an ambulance service. Sergeant Jordan of the Savannah Police Department testified that he arrived at the crime scene about 7:00 p.m., and that medical personnel had already arrived and were working on Lewis' body.

Several friends of the appellant and Boyd testified at trial. Shep Morrell testified that on the morning of March 17, 1982, he and the appellant went to the parade, and that early in the day the appellant stated that he was "gonna get into something" when it got dark. He said that the appellant was wearing a big, encased knife on his side, and he testified that after the parade, he and the appellant drank some beer, and then he went home. According to Morrell, the appellant came by Morrell's home about 7:30 p.m. and told Morrell first that he had killed a white man and then that Boyd had killed the white man. Virginia Morrell, Shep's mother, testified that shortly after dark on March 17, 1982, the appellant came by her home to see her son. Johnny Anderson, another friend of the appellant, testified

that on March 17, 1982, he went to the parade with Tony Kennedy, who is the appellant's brother, Graylin Boyd, and the appellant. He testified that that morning he saw the appellant holding a straight knife that was in a brown leather case. Anderson testified that after the parade he left his friends and went home. He said, however, that at about 6:30 p.m. he saw the appellant, Boyd, and Tony Kennedy walking along Randolph Street. He testified that he was across the street from them, and that he saw them have an altercation with a white man, during which he thought he heard Boyd say "don't stab him." Anderson said he did not see who stabbed the victim.

Graylin Boyd testified at trial. He said that early in the day on March 17, 1982, he, the appellant, Alvin Daniels, Tony Kennedy, and Johnny Anderson discussed robbing someone. He said that the appellant had a knife strapped on his waist, but that he and the appellant's brother made it clear they did not want the knife used. He testified that he, the appellant, Johnny Anderson, and Tony Kennedy went for a walk, and ended up on Randolph Street about 7:00 p.m., where they saw the victim, Ronald Lewis. Boyd testified that he told his friends not to rob Lewis because he did not look like he had money. According to Boyd, the appellant said "we're gonna try him anyway," and ran up from behind Lewis, spun him around, and pushed him down. Boyd said that Lewis appeared to be real drunk, and that they went through his pockets. He said that Lewis then attempted to get up and stumbled on the appellant, who stabbed him. Boyd also gave a statement to the police which was substantially the same as his testimony at trial. Sergeant Buck of the Savannah Police Department related Boyd's statement to the jury, and, in doing so, sought to avoid implicating the appellant by substituting the word "blank" for all references to the appellant.

The appellant testified that on the morning of March 17, 1982, he and Shep Morrell went to the parade, where they saw Boyd, Tony Kennedy, and Johnny Anderson. According to the appellant, after the parade he went to a girl friend's house until about 6:30 p.m., at which time he went to Graylin Boyd's house. He said that his brother, Graylin Boyd, and Alvin Daniels were there and that Daniels had an encased knife. He said that he, Boyd, and Tony went to a game room, and then left there and began walking. He said that as they were walking on Randolph Street they saw Johnny Anderson. He testified that Tony left them and went to talk with Anderson, and that he and Boyd continued walking. According to the appellant, Lewis came up behind him and Boyd and racially insulted them, which led to a fight between Boyd and Lewis. The appellant testified that he saw Lewis fall down with blood on his shirt, and that, at that point, he ran to a girl friend's house. The appellant denied that he and his friends discussed robbing Lewis, and stated that no one took any money from

him. He also denied going by Shep Morrell's house after the stabbing and telling him he had stabbed a white man.

1). In his second and third enumerations of error, the appellant argues that the evidence was insufficient to sustain the conviction, and that the trial court therefore erred in not granting, respectively, his motion for a directed verdict of acquittal and his motion for a new trial on the general grounds. We disagree, as, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Lee v. State*, 247 Ga. 411 (6) (276 SE2d 590) (1981); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2). In his first enumeration of error, the appellant argues that the trial court erred in not granting his motion to sever his trial from that of his co-defendant, Graylin Boyd. We disagree.

Since the state waived the death penalty, the decision whether to grant or deny the appellant's motion to sever was within the discretion of the trial court. OCGA § 17-8-4; *Dixon v. State*, 243 Ga. 46 (2) (252 SE2d 431) (1979). In exercising its discretion the trial court should consider the following three factors: (1) whether the number of defendants will create confusion of the law and evidence applicable to each defendant; (2) whether there is a danger that evidence admissible against one defendant will be considered against another despite cautionary instructions to the contrary; and, (3) whether the defenses of the co-defendants are antagonistic to each other. *Owens v. State*, 251 Ga. 313 (8) (305 SE2d 102) (1983); *Jackson v. State*, 249 Ga. 751 (6) (295 SE2d 53) (1982); *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). The exercise of a trial court's discretion in denying a motion to sever will not be disturbed on appeal unless the defendant clearly demonstrates that he suffered prejudice by one or more of the above factors amounting to a denial of due process. *Cain v. State*, supra, 235 Ga. at 129; *Stovall v. State*, 236 Ga. 840 (2) (225 SE2d 292) (1976); *Owens v. State*, supra, 251 Ga. at 321.

Pointing to the second factor noted above, the appellant argues that Boyd's statement spilled over to the appellant's case and prejudiced him, because, even though all references to the appellant were deleted, it was clear that Boyd was referring to him when placing blame for the crimes. We have held before that this allegation of prejudice does not amount to the clear showing of prejudice and denial of due process necessary to require a severance. *Owens v. State*, supra, 251 Ga. at 321; *Jones v. State*, 243 Ga. 584 (4) (255 SE2d 702) (1979). Moreover, assuming that it was clear from Boyd's statement that he was referring to the appellant when placing blame for the crimes, the appellant would be unable to show any prejudice or harm to his case, since Boyd took the stand, subject to cross-examination, and related the same story to the jury, expressly identifying the ap-

pellant as his accomplice.

The appellant also argues that his motion to sever should have been granted because his and Boyd's defenses were antagonistic, in that each blamed the other for the crimes. The fact of antagonistic defenses does not of itself require severance, *Owens v. State*, supra, 251 Ga. at 321; *Everett v. State*, 238 Ga. 80, 81 (230 SE2d 882) (1976); *Cain v. State*, supra, 235 Ga. at 129-130, and the appellant has not demonstrated any clear prejudice and denial of due process which might have been avoided by severing the trials. In fact, it is unlikely the appellant could show such prejudice. First, even if the motion had been granted, Boyd could have testified at the appellant's separate trial and related the same testimony. Moreover, since Boyd testified at trial, the appellant had ample opportunity to cross-examine him concerning any antagonistic defense. See *Cain v. State*, supra, 235 Ga. at 130-131; *Durham v. State*, 240 Ga. 203 (1) ( 240 SE2d 14) (1977).

For the above reasons we find that the trial court did not abuse its discretion in denying the appellant's motion to sever.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984.

*Andrew J. Ryan III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.