76741. GLOVER v. THE STATE.
(373 SE2d 39)

POPE, Judge.

Appellant Winfred Glover was convicted of trafficking in cocaine in violation of the Georgia Controlled Substances Act. On appeal, he asserts that the trial court abused its discretion in denying his motion for severance. We disagree and affirm the judgment of the trial court.

On January 5, 1987, two agents of the Marietta-Cobb-Smyrna narcotics squad went to an apartment in Cobb County to purchase a kilogram of cocaine from Yvette Jones and Rufus Hambrick (co-defendants who pled guilty). The facts, as developed by the testimony of the agents, are as follows: Glover and co-defendant Alvin Habersham were in the parking lot at the time of the attempted sale. Jones told an agent, "There's the man [Glover]; he's going to get the dope." Glover removed a brown bag from Habersham's Chevy S10 Blazer. The brown bag contained 994.4 grams of cocaine.

At trial, counsel for both defendants repeatedly moved for severance. Glover's counsel entered a continuing motion for severance when, during cross-examination of a State's witness, Habersham's

counsel asked many questions suggesting that Glover might have had the cocaine before he went to Habersham's Blazer. Glover's counsel argued that Habersham's counsel was improperly acting as a second prosecutor. The trial court permitted the line of questioning to continue in deference to Habersham's right to a thorough cross-examination.

OCGA § 17-8-4 provides in pertinent part, "When indicted for . . . a felony less than capital . . . defendants may be tried jointly or separately in the discretion of the trial court." As a general matter, courts should grant severance "whenever it appears 'necessary to achieve a fair determination of the guilt or innocence of a defendant.' ABA Standards, § 2.3 (b)." *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). Factors to consider are: "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? [Cit.]" Id. If these factors are present, the movant must show harm or prejudice from the failure to sever. *Satterfield v. State*, 256 Ga. 593 (3) (351 SE2d 625) (1987); *Kennedy v. State*, 253 Ga. 132 (2) (317 SE2d 822) (1984); *Cain*, supra; *Johnson v. State*, 159 Ga. App. 819 (1) (285 SE2d 252) (1981).

The first two factors were clearly not present in this case; thus appellant asserted only that Habersham's defense was antagonistic. Habersham's defense was, in essence, that if any drug deal was planned, Habersham knew nothing about it. Habersham's testimony did not in any way inculpate Glover, and might even be interpreted as exculpatory.

Nevertheless, appellant asserts that Habersham's defense was antagonistic in that, during cross-examination of a State's witness, Habersham's counsel suggested that Glover was carrying cocaine. However, in context it is clear that the cross-examiner was suggesting that *if* there was any cocaine, then it did not necessarily come from Habersham's Blazer. This did not rise to the level of antagonism required to violate the third factor. *Liggins v. State*, 239 Ga. 452 (1) (238 SE2d 34) (1977); *Hill v. State*, 166 Ga. App. 692 (4) (305 SE2d 432) (1983).

Even if we were to believe that the antagonism here was sufficient, Glover would have to show harm or prejudice. *Kennedy*, supra; *Cain*, supra. The only harm alleged in Glover's brief is that Glover chose not to testify on his own behalf because he was afraid to face Habersham's counsel on cross-examination. The United States Supreme Court has recognized that "an accused's decision whether to testify 'seldom turns on the resolution of one factor.' [Cit.]" *Luce v. United States*, 469 U. S. 38, 42 (105 SC 460, 83 LE2d 443) (1984). In

general a criminal defendant cannot assert harm from his own decision not to testify unless his decision is based on a violation of constitutional rights. Compare *Luce*, supra, with *New Jersey v. Portash*, 440 U. S. 450, 454-55 (99 SC 1292, 59 LE2d 501) (1979). Severance is not a constitutional right. Consequently no harm or prejudice has been shown by the defendant in this case.

For these reasons, we find that the trial court did not abuse its discretion in denying defendant's motion to sever.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 8, 1988.

*Mark J. Kadish, James J. McGinnis*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.