## 50847. SMITH v. THE STATE.

QUILLIAN, Judge.

At approximately 8 p.m. a police officer received a call from a known confidential informant who had provided him drug information three times within the past 7 months, which led to 5 arrests and indictments. The informant had, within the past 30 minutes, observed defendant have in his possession a quantity of marijuana, both on his person and in his car, a 1969 Pontiac—license number TSX 269. Defendant was then at Long's Skating Rink, wearing "a brown coat . . . cowboy boots and a blue and white beaded medallion . . . wearing glasses." The officer arrived at the skating rink within five to ten minutes, located the car fitting the given description and saw defendant in front of the car wearing "the medallion and the brown vest and everything . . ." The arresting officer found marijuana in defendant's vest pocket. The police officer asked for the keys to the car and then searched and found another bag with four packages of marijuana therein. The police officer did not obtain a search warrant as he "didn't feel there was time . . . not knowing when the subject would be leaving in his car or what might be happening with it . . ." Defendant's motion to suppress was overruled. He appeals. *Held:*

A valid search without a warrant may be made incident to a legal arrest or under exigent circumstances when supported by probable cause. *Brewer v. State,* 129 Ga. App. 118, 119 (199 SE2d 109). Probable cause to search may be provided by reasonably contemporaneous information from a reliable confidential informant. Reliability of the informant was established. Exigent circumstances were shown to exist because of the mobility of the automobile and the person driving it. Carroll v. United States, 267 U. S. 132 (1925); Cady v. Dombrowski, 413 U. S. 433 (1973); *Johnson v. State,* 126 Ga. App. 93, 94 (189 SE2d 900). Probable cause existed to search and to arrest, based upon the details and specific information from the personal observations of the known reliable informant. *Register v. State,* 124 Ga. App. 136, 139 (183 SE2d 68), U. S. cert. den. 405 U. S. 919. Search of the car after the arrest of the defendant was reasonable.

Chambers v. Maroney, 399 U. S. 42 (1970); *Brice v. State,* 129 Ga. App. 535 (199 SE2d 895). The specificity provided by the informant, when verified by the observation of the police, provided additional indicia of probable cause. Draper v. United States, 358 U. S. 307 (1959); *Burns v. State,* 119 Ga. App. 678 (168 SE2d 786). We find no error in the overruling of defendant's motion to suppress.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED JUNE 26, 1975 — DECIDED JULY 15, 1975.

*Thomas Wm. Malone, George W. Woodall,* for appellant.

*William S. Lee, District Attorney, Daniel Mac-Dougald, III, Assistant District Attorney,* for appellee.