## 74013. MARSH v. THE STATE.
(357 SE2d 325)

SOGNIER, Judge.

Appellant was convicted of two violations of the Georgia Controlled Substances Act for trafficking in cocaine and unlawfully pos-

sessing less than one ounce of marijuana. In his sole enumeration of error appellant contends the trial court erred by denying his motion to suppress because law enforcement officers had no authority to arrest him without a warrant. Therefore, he contends the resulting seizure of the cocaine and marijuana was unlawful.

On December 14, 1985, Robert Cartun was arrested for possession of cocaine and trafficking in cocaine in the Sandy Springs area. Cartun told the GBI agents who arrested him that the cocaine came from appellant, Cartun's contact in Miami, Florida. Cartun agreed to contact appellant and arrange for him to bring cocaine to the Atlanta area. Cartun thereafter called appellant and about 12:30 a.m., December 24, 1985, appellant contacted Cartun and told him he (appellant) was in Room 212 at the Red Carpet Inn off I-75 in the Atlanta area. Appellant was in a hurry to leave and told Cartun to hurry. After a "body bug" was placed on Cartun and his car was refueled, he and several law enforcement officers proceeded to the Red Carpet Inn in Forest Park, arriving about 2:00 a.m. Cartun entered appellant's room and after observing cocaine therein, used certain code words to signal the officers monitoring the conversation that cocaine was present. Cartun left the room on the pretext of getting $35,000 cash from his car, and gave a hand signal indicating that cocaine was in the room. Officers then broke into the room, arrested appellant, and seized a package of cocaine sitting on a bureau and a small amount of marijuana that was on the bed where appellant was sitting.

David Bartlett, the GBI agent in charge of the operation, testified that once they learned the cocaine was actually in the room, it would have taken at least an hour to obtain a warrant. They were afraid that appellant, the cocaine and the $35,000 the GBI had provided Cartun would be gone if they waited for a warrant, as appellant had said he wanted to leave no later than 4:00 a.m. to return to Miami. This statement was made to Cartun, and was overheard by officers listening in on the body bug.

"An arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in his presence *or within his immediate knowledge*, . . . or for other cause if there is likely to be [a] failure of justice for want of a judicial officer to issue a warrant." OCGA § 17-4-20 (a). (Emphasis supplied.) The words "in his presence" and "within his immediate knowledge" are synonymous, and to justify the arrest without a warrant, the officer need not see the act which constitutes the crime taking place if by any of his senses he has personal knowledge of its commission. *Lynn v. State*, 130 Ga. App. 646 (1) (204 SE2d 346) (1974); *King v. State*, 161 Ga. App. 382, 383 (1) (288 SE2d 644) (1982). A valid search without a warrant may be made incident to a lawful arrest or under exigent circumstances when supported by probable cause. *Smith v. State*, 135

Ga. App. 424 (218 SE2d 133) (1975).

In the instant case the officers had personal knowledge from Cartun's use of prearranged code words that appellant had cocaine in his room. Thus, they were authorized to arrest appellant without a warrant because a crime was being committed in their presence or within their personal knowledge. Once appellant was under arrest the officers were entitled to search the immediate area around appellant, *Smith*, supra, although a search was not necessary here because the contraband was in plain view. Since the arrest was lawful and the contraband was in plain view, the officers were authorized to seize it. *Coolidge v. New Hampshire*, 403 U. S. 443, 468 (91 SC 2022, 29 LE2d 564). Accordingly, it was not error to deny appellant's motion to suppress the evidence seized at the time of his arrest.

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in what is said but believe it necessary to draw attention to what we did not reach.

Appellant perfunctorily claims that his state constitutional right, under Ga. Const. 1983, Art. I, Sec. I, Par. XII, as well as his federal constitutional right against unlawful searches and seizures, was violated. He merely cites it. He did the same thing below and does not show how *it* is violated.

If he were to mean that failure to meet federal constitutional guidelines *ipso facto* constitutes a violation of a correlative state constitutional provision as well, I could not agree because of our dual federalism. The Supreme Court of Georgia is the final construer of our state constitution whereas the United States Supreme Court is the final interpreter only of the federal constitution. See *Lee v. State*, 177 Ga. App. 698 (340 SE2d 658) (1986); *Massachusetts v. Upton*, 466 U. S. 727 (104 SC 2085, 80 LE2d 721) (1984).

But appellant has not made this argument or any other in connection with the state constitution's provision, and thus, properly, we do not rule on it. *Mitchell v. State*, 173 Ga. App. 560 (1) (327 SE2d 537) (1985). See *Andrews v. State*, 175 Ga. App. 22, 24 (332 SE2d 299) (1985).

DECIDED MAY 19, 1987.

*John C. Campbell*, for appellant.
*Robert E. Keller, District Attorney, Debra Benefield, Assistant District Attorney*, for appellee.