#### 74762. RICKS v. THE STATE.
(361 SE2d 829)

BEASLEY, Judge.

The defendant appeals his conviction of homicide by vehicle in the first degree, OCGA § 40-6-393 (a), and denial of his motion for new trial brought on two grounds.

1. Sufficiency of the evidence. First degree homicide by a vehicle involves causing the death of another person, without malice aforethought, through violation of certain designated code sections regulating traffic. In this case the defendant was charged with a violation of OCGA § 40-6-390 (a), reckless driving.

Viewing the evidence in favor of judgment, the car defendant was driving entered a sharp left-hand curve in the road at a speed of at least 80 miles per hour and continued in a straight line without turning. As a result the vehicle flipped over two or three times before coming to rest a distance of 575 feet from where it left the road. Of the two passengers riding in the front seat one was injured and the other killed. There were no skid marks, the presence of which nor-

mally indicate that the brakes were applied. Photographs of the scene reveal a severely damaged vehicle.

The evidence was sufficient for the trial court, as trier of fact, to find the defendant guilty of the offense charged beyond a reasonable doubt. See *Deshazier v. State*, 155 Ga. App. 526 (271 SE2d 664) (1980).

2. Reasonably effective assistance of counsel. Defendant advances several instances of inaction by trial counsel which he claims deprived him of his Sixth Amendment right, so that denial of his motion for new trial on this ground was error.

The first deficiency is that trial counsel failed to establish a defense by failing to introduce evidence that the car defendant was driving was equipped with power brakes and power steering. It was brought out that as the car left the road one of the passengers, both of whom were riding in the front, reached over and turned off the ignition switch. A defense witness testified that where the switch is turned off on an automobile equipped with power brakes and steering "[t]he car would be hard to steer and the brakes would be very hard to put on. You'd have only manual brakes." Trial counsel failed to link this up by questioning defendant as to how his car was equipped, and the court agreed with the state during closing argument of defendant that there was no evidence of this fact.

The second omission is that counsel failed to impeach the state's primary witness via a number of available avenues. The surviving passenger testified the defendant stopped the car, grabbed and struck the deceased and just before the wreck stated "y'all ain't never going to make it back home." She also testified that she turned the ignition off after two wheels left the road but before the other two did. Defendant complains that his counsel failed to impeach the witness by showing how implausible her story was, and that her testimony about the seating arrangement was erroneous. Defendant was not asked whether he made the statement she attributed to him. He was, however, asked about and denied either stopping the car or beating the deceased. It was not elicited that the passenger-witness was motivated by a pecuniary interest in the outcome of the case because her family was suing defendant.

In *Davenport v. State*, 172 Ga. App. 848, 856 (2) (325 SE2d 173) (1984), we thoroughly discussed the Sixth Amendment requirements as expanded by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) and *United States v. Cronic*, 466 U. S. 648 (104 SC 2039, 80 LE2d 657) (1984). The test is a two-pronged one. "First, accused must show that counsel's performance was deficient in that he committed errors so serious as not to be functioning as 'counsel' guaranteed by the Sixth Amendment. Second, accused must show such deficient performance prejudiced the defense so as to deprive

accused of a fair trial. The standard as to the first test is 'reasonably effective assistance' based on the facts of the particular case. As to the second, the standard is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Carter v. State*, 176 Ga. App. 632, 633 (337 SE2d 413) (1985). Accord *Jones v. State*, 177 Ga. App. 531, 533 (4) (339 SE2d 786) (1986).

With regard to deficient performance, "[e]rrors of judgment and tactical errors do not constitute denial of effective assistance of counsel." *Cherry v. State*, 178 Ga. App. 483, 484 (2) (343 SE2d 510) (1986). Despite defendant's assertion to the contrary, trial counsel was not so unprepared, nor was his representation so inadequate as not to amount to "counsel" within the meaning of the Sixth Amendment. *Ealy v. State*, 251 Ga. 426, 428 (2) (306 SE2d 275) (1983); *Ford v. State*, 255 Ga. 81, 85 (8) (335 SE2d 567) (1985).

With regard to prejudice resulting from counsel's alleged inadequate representation, defendant has totally failed to demonstrate that the outcome of the proceedings would have been different had trial counsel conducted the defense in the manner now urged. *Jones v. State*, 180 Ga. App. 706, 707 (350 SE2d 309) (1986). In the circumstances here, there is no violation of defendant's federal constitutional right.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DISMISSED OCTOBER 2, 1987.

*Ralph M. Walke*, for appellant.
*Beverly B. Hayes, Jr., District Attorney, Edwin J. Wilson, Assistant District Attorney*, for appellee.