### 76918. FOOTE v. THE STATE.
(372 SE2d 843)

McMURRAY, Presiding Judge.

Via indictment defendant was charged as a recidivist with two counts of the offense of aggravated assault and one count of the offense of possession of a firearm by a convicted felon. Upon a jury trial, defendant was convicted on one count of aggravated assault and possession of a firearm by a convicted felon. Defendant was acquitted of the second aggravated assault charge.

In *Foote v. State,* 184 Ga. App. 900 (363 SE2d 180), defendant's conviction was affirmed and the case remanded for a hearing and appropriate findings concerning the issue of ineffective assistance of

trial counsel. Upon remand the trial court denied defendant's claim of ineffective assistance of trial counsel and declined to grant defendant a new trial on this ground. The present appeal is taken from the trial court's order on remand, finding that defendant did not lack effective counsel at trial. *Held*:

" 'The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' *Strickland v. Washington*, [446] U. S. [668, 687] (104 SC 2052, 80 LE2d 674) (1985). In order to prevail on an ineffectiveness claim, a convicted defendant must show (1) 'that counsel's performance was deficient,' i.e., that counsel's performance was not reasonable under all the circumstances, and (2) that this 'deficient performance prejudiced the defense,' i.e., that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Id at _____. 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Ibid.

"The complaining defendant must make both showings. His failure 'to establish either the performance or the prejudice component results in denial of his Sixth Amendment claim.' *King v. Strickland*, 748 F2d 1462, 1463 (11th Cir. 1984). A reviewing court need not 'address both components if the defendant makes an insufficient showing on one,' *Strickland v. Washington*, supra at _____, nor must the components be addressed in any particular order. Ibid." *Ford v. State*, 255 Ga. 81, 85 (8) (335 SE2d 567).

In the case sub judice, the defendant contends that he was prejudiced by the failure of trial counsel to move for a bifurcated trial under the authority of *Head v. State*, 253 Ga. 429 (322 SE2d 228). Under that procedure the jury would determine its verdict on the aggravated assault charges prior to learning of defendant's prior convictions which were admissible and relevant in connection with the possession charge.

The trial court, applying the principles set forth in *Ford v. State*, 255 Ga. 81, 85, supra, determined that defendant was not prejudiced by the failure of trial counsel to request the procedure created in *Head v. State*, 253 Ga. 429, 431 (3), supra. In reaching its conclusion the trial court recognized that the case sub judice is distinguishable on its facts from *Head v. State*, 253 Ga. 429, supra, since in the present case the jury was instructed as to the limited purpose of the permissible use of the evidence of defendant's prior felony convictions. The trial court's direction that the prior conviction evidence be considered only in relation to the possession offense was repeated in the trial court's charge to the jury after the close of evidence. In *Head* there were no instructions limiting use of the prior conviction evi-

dence. Also, while in *Head* the conviction was predicated upon the uncorroborated evidence of one witness, in the case sub judice the evidence of defendant's guilt of the aggravated assault count, of which defendant was convicted, is overwhelming, the evidence from several witnesses showing that defendant shot the victim in the back.

In such cases as *Bogan v. State*, 177 Ga. App. 614 (340 SE2d 256), and *Stone v. State*, 253 Ga. 433 (321 SE2d 723), we have affirmed the refusal of trial courts under substantially similar circumstances to sever for trial the offense of possession of a firearm by a convicted felon. In view of such cases, we find no error in the trial court's denial of defendant's claim of ineffective assistance of trial counsel since defendant has not shown a reasonable probability that trial counsel's failure to move for a bifurcated trial affected the verdict. *Ricks v. State*, 184 Ga. App. 428, 429 (2) (361 SE2d 829).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1988.

*Donald T. Wells, Jr.*, for appellant.
*Harry N. Gordon, District Attorney, Kenneth W. Mauldin, Assistant District Attorney*, for appellee.