A89A0024. LITTLEJOHN v. THE STATE.
(383 SE2d 332)

SOGNIER, Judge.

Charles E. Littlejohn brings this pro se appeal from his misdemeanor conviction for criminal trespass and sentence under the First Offender Act, OCGA § 42-8-60.

1. The State's motion to dismiss the appeal on the ground that

the record submitted by the State in response to a prior motion filed by appellant was erroneously docketed as the record in this appeal is denied, as this court has in the instant record all documents and transcripts designated by appellant for which costs have been paid below, and the record is sufficient to afford a full and fair review of appellant's enumerations. See generally *Foster v. State*, 178 Ga. App. 478, 481 (2) (343 SE2d 745) (1986).

2. Appellant first enumerates the general grounds. Construed to uphold the jury verdict, the record reveals that on Saturday, May 11, 1985 appellant received a collection agency letter regarding an unpaid bill from Sandy Springs Internal Medicine, P.C. (the Clinic). The bill was for treatment of a "Chuck Littlejohn," but the letter was sent to appellant in error. Appellant testified that he became very upset upon receiving this letter, and attempted to contact the Clinic and the physicians who practiced there, and ultimately succeeded in reaching Dr. Sandy Carter by telephone at approximately 10:00 p.m. Carter testified that appellant was very irate and threatened to phone Carter repeatedly until the matter was resolved, and that Carter told appellant he would have to call Bonnie Lindsay, the Clinic office manager, on Monday to settle the matter. Lindsay testified that on the following Monday, appellant telephoned her and others at the Clinic and spoke in such a manner that she became frightened and called the police. Two Fulton County police officers arrived and were present when appellant entered the Clinic. All the witnesses who were present at this time testified that appellant became irrational and abusive and was shouting repeatedly at Lindsay. In response to the officers' inquiry, Lindsay, who was in charge of the office, twice asked appellant to leave, but he continued to shout at her and the others in the room, repeatedly asking whether they were "in fear of their lives." The officers then arrested appellant for criminal trespass. Appellant testified that he only wanted to resolve the issue of the erroneous letter, and that he had agreed to leave when he was arrested. We find this evidence sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charged offense. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant's enumeration concerning the constitutionality of OCGA § 16-7-21 (b) (3) is controlled adversely to him by *Daniel v. State*, 231 Ga. 270 (201 SE2d 393) (1973).

4. Appellant's challenge to the legality of his arrest is without merit, as a police officer may make an arrest without a warrant when the offense is committed in his presence. OCGA § 17-4-20 (a); *Marsh v. State*, 182 Ga. App. 892, 893 (357 SE2d 325) (1987).

5. We also reject appellant's contention that the evidence demanded a finding of entrapment. Upon review of the transcript we find no evidence that the police officers at the scene induced or solic-

ited appellant to remain on the Clinic premises after being requested to leave. See OCGA § 16-3-25; see generally *Strobhert v. State*, 184 Ga. App. 615, 616-617 (1) (362 SE2d 99) (1987).

6. Appellant's enumeration concerning the adequacy of the charge conference held by the trial court presents nothing for this court to review because no objection was made below, and thus there is no ruling for this court to address. See *Cooper v. State*, 188 Ga. App. 297-298 (1) (372 SE2d 679) (1988).

7. In two enumerations of error appellant raises the issue of ineffective assistance of counsel. To prevail on such a claim, appellant must show (1) that his counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense in that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *Foote v. State*, 188 Ga. App. 304, 305 (372 SE2d 843) (1988). Appellant has identified no evidence sufficient to show either deficient performance or prejudice, and our review of the available record discloses no such error.

8. Appellant next contends his sentence consisting of twelve months probation and a $600 fine was excessive because under the First Offender Act a fine cannot be imposed. This issue previously has been decided adversely to appellant. *Dailey v. State*, 136 Ga. App. 866, 867 (4) (222 SE2d 682) (1975).

9. We have reviewed appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

## ON MOTION FOR REHEARING.

In his motion for rehearing appellant now contends, although he did not raise this issue in his prior briefs, that his sentence was excessive because the amount of community service he was ordered to perform was in excess of the statutory requirements. We agree with appellant that a requirement of 320 hours of community service was excessive, as OCGA § 42-8-72 (b) (1) provides that for misdemeanors the trial court may order the performance of "not less than 20 hours nor more than 250 hours" of community service. Accordingly, the portion of appellant's sentence imposing a community service requirement is vacated and remanded for resentencing in accordance with OCGA § 42-8-72 (b) (1).

*Motion for rehearing denied.*

DECIDED MAY 25, 1989 —
REHEARING DENIED JUNE 8, 1989 — 

Charles Littlejohn, *pro se.*
James L. Webb, Solicitor, Helen A. Roan, E. Duane Cooper, Assistant Solicitors, *for appellee.*