A89A1950. HILL v. THE STATE.
(387 SE2d 910)

SOGNIER, Judge.

Paul Houston Hill was convicted by a jury of armed robbery, motor vehicle theft, kidnapping, false imprisonment, and two counts of aggravated assault. The trial court merged the lesser offenses of theft by taking the vehicle and false imprisonment into the greater charges of armed robbery and kidnapping. Hill appeals.

Construed to support the verdict, the evidence adduced at trial showed that on May 27, 1988, Brazzie Boyd Emmett hijacked a UPS truck in Gainesville at gunpoint and, after taping the driver's eyes, mouth, and arms, used the truck and impersonated the driver in an attempted armed robbery of a jewelry store in nearby Lula. Appellant, driving his gray Lincoln automobile, had transported Emmett to the UPS truck, and the UPS driver, Terry Swindle, testified that he noticed the gray Lincoln following the truck both before and after the attempted armed robbery. Swindle also testified that at one point Emmett drove the truck to a gravel parking lot, got out of the truck and sat in the Lincoln conversing with its driver, and that he was able to see the car when the truck arrived at the jewelry store. Patrolman John Canupp, of the Hall County Sheriff's Department, testified that after receiving a lookout on the gray Lincoln, he stopped the car and identified appellant as the driver and Emmett as the passenger. Emmett was tried jointly with appellant, and testified against appellant, implicating appellant in the scheme to take the truck and rob the store.

1. Appellant contends he was denied the right to counsel at a

probable cause hearing. The record does not contain the transcript of such hearing, if one was held, nor any indication as to whether appellant was then represented. " 'We will not presume error from a silent record. The [appellant] has the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief. (Cit.)' [Cit.]" *Williams v. State*, 188 Ga. App. 496, 499 (3) (373 SE2d 281) (1988).

2. Appellant claims the State withheld potentially exculpatory material, including reports as to ownership of the gun and transcripts of the probable cause hearing, in violation of *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). However, appellant's contention is not supported by the record, in which there is no indication the State was in possession of either gun ownership records or a probable cause hearing transcript. Moreover, the record does indicate that the State served appellant with notice of potential *Brady* material and that after an in camera review, the trial court found no additional *Brady* material. Accordingly, there is no merit in this enumeration.

3. The record shows that Emmett was convicted of aggravated assault in connection with the attempt to rob the jewelry store and thus we find no support in the record for appellant's assertion that it was error to find him guilty of aggravated assault as to the attempt to rob the jewelry store as an aider and abettor because Emmett was not found guilty.

Similarly the record does not support appellant's contention that Emmett was offered a favorable disposition on drug charges in return for testimony.

4. Although appellant contends he was placed in double jeopardy as a result of his prosecution for both armed robbery and theft by taking the truck, and kidnapping as well as false imprisonment, this argument ignores the fact that although appellant was indeed prosecuted for those crimes and found guilty by the jury, the trial court merged the offenses before sentencing, and he was sentenced only for the greater offenses, thus avoiding a violation of OCGA § 16-1-7.

5. (a) Appellant enumerates error in the denial of his motion for severance, arguing that he was deprived of a fair trial by being tried jointly with Emmett because the jury was repeatedly informed Emmett had pled guilty to these same offenses and thus the jury was unduly influenced to convict appellant. The record reveals that prior to trial, Emmett offered to plead guilty to eight of the nine charges against him. The trial court "made a tentative acceptance" of the plea, but deferred sentencing until after the trial of the remaining count of armed robbery, based on the belief that a merger of some of the counts might result if Emmett was convicted of the remaining count. The case proceeded to trial on January 17, 1989, with the court instructing the jury in opening remarks that both defendants were

charged with all offenses. The jury found both appellant and Emmett guilty on all counts, and they were sentenced on February 9, 1989, with the trial court finding, indeed, that some of the offenses merged. The record reveals that at several points during the trial, the jury had been informed by Emmett's counsel that Emmett had pled guilty. However, on February 20, 1989, the trial court entered an order (nunc pro tunc to January 17, 1989) setting aside Emmett's guilty plea on the ground that it was not knowing and voluntary.

OCGA § 17-8-4 provides, in pertinent part, that "[w]hen indicted for a . . . felony less than capital, . . . such defendants may be tried jointly or separately in the discretion of the trial court." "Since the grant or denial of a motion to sever is left to the discretion of the trial court, its ruling will be overturned only for an abuse of discretion. [Cits.]" *Cain v. State*, 235 Ga. 128-129 (218 SE2d 856) (1975). The *Cain* court set forth three considerations for the court in exercising its discretion as to whether to grant a motion to sever: (1) whether the number of defendants will create confusion of the evidence and law applicable to each individual defendant; (2) whether there is danger that evidence admissible against one defendant but not another will nevertheless be considered against both despite cautionary instructions by the court; and (3) whether the defenses of the individual defendants are antagonistic to each other. If a defendant can show that failure to sever will prejudice him under one or more of these considerations, the motion probably should be granted. Id. at 129.

We can understand appellant's concern that being tried jointly with a co-defendant whom the jury is told has pled guilty raises questions of "guilt by association," and we do not hesitate to state our disapproval of this practice. Nevertheless, when the facts sub judice are analyzed in terms of the criteria set forth in *Cain*, supra, we are constrained to find no abuse of discretion on the part of the trial court in denying appellant's motion to sever. It is clear that the presence of two defendants did not create confusion as to the evidence and law applicable to each, and all the evidence admissible as to Emmett was admissible as to appellant as well. Although it might be said that the defenses of appellant and Emmett were antagonistic in that appellant claimed no knowledge of the crimes while Emmett admitted them and implicated appellant, "[t]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. [Cit.] A showing of harm is necessary. [Cit.]" Id. at 129.

In the case at bar, we find no showing of harm to appellant because even had he been tried separately, the evidence against appellant would not have differed. Emmett could have testified against him, affording appellant the same opportunity for cross-examination presented in the joint trial, and the jury could properly have learned as well that Emmett had pled guilty. Moreover, we find the evidence

against appellant more than sufficient to enable a rational trier of fact to find him guilty of the offenses charged, see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and consequently any violation of appellant's rights resulting from informing the jury that Emmett had pled guilty would be harmless beyond a reasonable doubt. See *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133) (1977).

(b) Without addressing the intrinsic merit of the argument, we note that appellant may not assert as error in his own appeal the fact that Emmett may have been placed twice in jeopardy by standing trial for the same offenses to which he pled guilty. " 'Appellant cannot enumerate error as to another defendant in the case, as no harm to *appellant* could be caused. . . .' [Cit.]" *Lewis v. State*, 188 Ga. App. 205, 206 (3) (372 SE2d 482) (1988).

6. Appellant contends he was denied effective legal representation because his attorney was appointed only two days prior to trial, consulted with appellant for only twenty minutes before trial, and was released by the court before the appeal. However, not only does the record not reflect when appellant's counsel was appointed, for what reason, or the extent to which counsel consulted with appellant, even assuming that counsel's performance was deficient, appellant makes no showing that there is a reasonable probability that, but for counsel's unprofessional performance, the result at trial would have been different. *Foote v. State*, 188 Ga. App. 304, 305 (372 SE2d 843) (1988). Because appellant has failed to make this showing, we need not address whether counsel's performance was deficient. Id.

As to representation on appeal, appellant and his wife testified at trial that he lacked motive to commit the armed robberies because they owned a business valued for tax purposes at over $100,000, they had over $20,000 in stocks, and that they had "about three to five thousand dollars cash at our house at all times just for change and so forth." Based on this testimony, the trial court determined that appellant was not indigent and, after sentence was pronounced, relieved his appointed counsel. "Defendants in criminal cases have both a federal and a state constitutional right to be represented by counsel or, in the alternative, to represent themselves. However, it is only indigent defendants for whom the trial court must appoint counsel. For a non-indigent defendant, such as appellant, the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services." (Citations and punctuation omitted.) *Burnett v. State*, 182 Ga. App. 539, 540 (356 SE2d 231) (1987); see *Scott v. State*, 151 Ga. App. 840, 841 (2) (262 SE2d 198) (1979). Having elected to proceed on appeal without counsel, appellant cannot now complain. See generally *Griffith v. State*, 188 Ga.

App. 789, 790 (374 SE2d 359) (1988).

7. Appellant contends the trial court erred by failing to grant his motion for a mistrial made after the jury learned during the cross-examination of appellant's wife by counsel for Emmett that appellant's counsel was appointed because he was indigent. In denying the motion, the trial court explained (outside the presence of the jury) that the testimony was relevant for impeachment purposes because "the financial wherewithall of [appellant had been made] a rather large issue" by appellant himself, whereas only a week ago he had represented to the court that he had nothing and needed appointed counsel. Competent, relevant evidence is admissible even though it may be prejudicial. See *Hale v. State*, 188 Ga. App. 524, 526 (2) (373 SE2d 250) (1988). "Questions of relevancy are generally matters within the court's discretion. [Cit.]" *Queen v. State*, 182 Ga. App. 794, 796 (2) (357 SE2d 150) (1987). We find no abuse of the trial court's discretion by admitting this evidence, and consequently find no error in the denial of appellant's motion for mistrial.

8. Appellant maintains the trial court erred by failing to grant his motion for a mistrial after a juror observed him in the custody of uniformed officers outside the courtroom. The record reveals that a juror walking towards the courthouse did observe appellant and Emmett sitting in a patrol car. "Although a defendant has the right to be free of the 'atmosphere of partiality' created by the use of excessive guards or shackles in the courtroom, [cit.], 'the mere fact of seeing an indicted accused in (custody) — not in the courtroom, as in the instant case, is not grounds for an automatic mistrial, but is addressed to the sound discretion of the trial court. (Cits.)' [Cit.]" *Baxter v. State*, 188 Ga. App. 598, 600-601 (373 SE2d 834) (1988). Given that the trial court gave both appellant and Emmett the opportunity to question the jury to determine if any such observation would affect their impartiality and the jurors responded that it would not, we find no abuse of discretion in the denial of appellant's motion for mistrial. Id.

9. In four separate enumerations, appellant contends the trial court erred in its charge to the jury. We have reviewed carefully the charge given and find no error. As to appellant's contentions regarding requested charges not given, the record reveals no requests for these charges were made and in the absence of a request these charges were not required to be given. See *Birt v. State*, 236 Ga. 815, 828 (5) (225 SE2d 248) (1976).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 12, 1989 —
REHEARING DENIED NOVEMBER 6, 1989.

Paul H. Hill, *pro se.*

C. *Andrew Fuller, District Attorney, William M. Brownell, Jr.,* *Assistant District Attorney,* for appellee.