A90A0264. YEARBY v. THE STATE.
(395 SE2d 29)

McMurray, Presiding Judge.

Defendant Yearby appeals his conviction of forgery in the first degree and of being determined as a recidivist in three counts. *Held*:

1. Defendant's first enumeration of error contends that OCGA § 17-10-7 (b) is unconstitutional in that it constitutes a legislative usurpation of the executive function, in violation of Art. I, Sec. II, Par. III of the Constitution of Georgia of 1983. However, defendant lacks standing to contest the statute until such time as he claims a right of parole and the statute is asserted against him as a bar. *Green v. State,* 244 Ga. 755 (262 SE2d 68).

2. Next, defendant contends that he was deprived of effective assistance of counsel at trial. "To prevail on such a claim, [defendant] must show (1) that his counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense in that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the trial would have been different. *Foote v. State,* 188 Ga. App. 304, 305 (372 SE2d 843) (1988)." *Littlejohn v. State,* 191 Ga. App. 852, 854 (7) (383 SE2d 332).

Pretermitting the issue of counsel's deficiency, we find that de-

fendant has failed to show any prejudice resulting from the asserted acts and omissions of trial counsel. The sole defense presented by defendant was lack of intent. There is no evidence that any other viable defense was available. Defendant admitted attempting to cash a check, which was shown by the State's evidence to have been stolen and by defendant's testimony to have been endorsed by another person who had solicited defendant's assistance in getting it cashed. While defendant was permitted to testify in narrative form, we do not believe the presentation of this evidence in a more structured format would have affected the verdict. Nor do we view any absence of direction to defendant in regard to concealing his prior criminal record as prejudicial, since some disclosures in this regard were germane to defendant's testimony. *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642).

3. The trial court was not required to conduct a *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), hearing or enter findings as to whether defendant's statement was voluntarily made since such issues were not raised before the trial court, but were raised for the first time on appeal. *Nixon v. State*, 255 Ga. 656, 658 (2a) (340 SE2d 7); *Davidson v. State*, 183 Ga. App. 557, 559 (5) (359 SE2d 372); *Hunt v. State*, 166 Ga. App. 524, 526 (4) (304 SE2d 576).

4. In his final enumeration of error, defendant contends the trial court erred in charging the jury that: "You are authorized to infer that a person of sound mind and discretion intends the natural and probable consequences of his acts." Defendant's argument, that this language is burden shifting, falling within the proscription of *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), and its progeny, has been rejected by our Supreme Court in *Crawford v. State*, 256 Ga. 585, 587 (3) (351 SE2d 199).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 22, 1990 —
REHEARING DENIED MAY 29, 1990 — 

*Hudson & Montgomery, Kenneth Kalivoda*, for appellant.
*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant District Attorney*, for appellee.