A93A0976. JORDAN v. THE STATE.
(435 SE2d 256)

POPE, Chief Judge.

Defendant Ernest Terrell Jordan appeals his conviction for aggravated assault and criminal damage to property in the second degree. We affirm.

1. The charges against defendant arose out of the beating of a store owner and the destruction of property in the store by three men. Defendant was tried with the two other defendants who were charged with the crimes. The State presented eyewitness testimony that defendant had gone in and out of the store with the other two men and during the commission of the crimes stood outside the store and acted as a lookout. One of the co-defendants testified at trial that defendant was inside the store during the commission of the crimes and it was defendant who used a stick to beat the victim. The co-defendant also presented as evidence an affidavit purportedly signed by defendant stating that the co-defendant was not involved in the crimes. Defendant moved for mistrial or severance on the ground that he was unfairly prejudiced by the admission of the affidavit which further implied that defendant was the one who committed the crimes. Defendant argues the trial court erred in denying his motion and argues he was entitled to severance of his trial from that of the co-defendant on the ground that his defense was antagonistic to that of the co-defendant.

"Abuse of discretion amounting to a denial of due process must be shown before a trial court's decision on a motion to sever in a non-capital felony case will be overturned." *McKenzie v. State*, 187 Ga. App. 840, 846 (8) (371 SE2d 869) (1988). Defendant has not shown a denial of due process in this case. " '[T]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. (Cit.) A showing of harm is necessary. (Cit.)' [Cit.]" *Hill v. State*, 193 Ga. App. 401, 403 (387 SE2d 910) (1989). In *Hill*, we concluded no harm was shown where, as here, even if defendant had been tried separately from the co-defendant who testified against him, no showing was made that the evidence against defendant would have differed because the co-defendant could have testified against him at the separate trial and, moreover, the evidence was sufficient to enable a reasonable trier of fact to find defendant guilty. In *Kennedy v. State*, 253 Ga. 132 (2) (317 SE2d 822) (1984), the Georgia Supreme Court ruled that the fact that co-defendants blamed each other for the crimes did not, of itself, require severance. Prejudice was not

shown where, as here, the co-defendant could have testified at a separate trial and related the same testimony as that presented at the joint trial and the defendant had ample opportunity to cross-examine the co-defendant concerning any antagonistic defenses. See also *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975). Even though the co-defendant's testimony in this case was antagonistic to defendant, defendant failed to show harm by the trial court's denial of his motion to sever.

2. During jury deliberations the jury requested additional instructions concerning the definition of the crimes charged against the defendants and the issue of guilt as a party to a crime. The trial court gave an appropriate recharge as to the elements of the crimes and the issue of guilt as a party to a crime. Defendant objected to the recharge on the ground that the trial court did not also recharge the jury on burden of proof and reasonable doubt. Defendant argues the trial court erred in failing to recharge the jury on these issues. "The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. [Cit.] The trial court gave additional instructions to the jury which addressed only the jury's specific questions. We find no abuse of discretion." *Peebles v. State*, 260 Ga. 165, 167 (391 SE2d 639) (1990). Contrary to defendant's argument, this is not a case where the further instruction to the jury was favorable to the prosecution and taken alone might leave an erroneous impression in the minds of the jury so that other instructions favorable to the defense should also have been given. See *Brannon v. State*, 163 Ga. App. 340 (2) (295 SE2d 110) (1982). The original charge adequately covered the issues of reasonable doubt and burden of proof. Thus, the charge, taken as a whole, was proper. See *Taylor v. State*, 195 Ga. App. 314 (1) (393 SE2d 690) (1990).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED AUGUST 6, 1993.

*Mitchell D. Durham*, for appellant.

*Thomas J. Charron, District Attorney, Judith C. Emken, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.