A94A0339. HILL v. THE STATE.
(442 SE2d 298)

BLACKBURN, Judge.

This is the second appearance of this case before this court. After a jury trial, Paul Houston Hill filed a pro se appeal and in *Hill v. State*, 193 Ga. App. 401 (387 SE2d 910) (1989), we affirmed his conviction of armed robbery, motor vehicle theft, kidnapping, false imprisonment, and two counts of aggravated assault. Thereafter, pursuant to Hill's habeas corpus petition, the United States District Court for the Northern District of Georgia ordered that Hill have counsel appointed for him for the purpose of bringing the subject appeal. The facts of this case are set out in detail in *Hill*, supra.

1. Hill enumerates as error the trial court's denial of his motion to sever the trial of co-defendant Brazzie Boyd Emmett. This enumeration was raised in Hill's pro se appeal and was decided adversely to him. Id. at 402 (5). In consideration of Hill's new appeal, we have reviewed this issue again.

" 'Whether to sever the trials of co-defendants is a matter of discretion with the trial judge, and, absent abuse, his decision will not be disturbed by the appellate court. OCGA § 17-8-4; *Glover v. State*, 188 Ga. App. 330 (373 SE2d 39) (1988). Factors to be considered by the court in its exercise of discretion are as follows: (1) Will the number of defendants create confusion as to evidence and law relative to the separate defendants? (2) Is there a danger that evidence admissible against only one defendant (or, where there are more than two defendants, only against certain ones of them) will nevertheless be considered against another?; and (3) Are the defendants' respective defenses antagonistic to the defenses, or the rights, of another? *Glover v. State*, supra at 331. It is the defendant who has the burden of showing, on his motion to sever, that any of the named criteria are applicable so as to prejudice his defense.' *Causey v. State*, 192 Ga. App. 294, 297 (4) (384 SE2d 674)." *Carson v. State*, 208 Ga. App. 534 (1) (431 SE2d 156) (1993).

Hill argues Emmett's guilty plea, accepted as to some of the offenses charged, created confusion as to the evidence and law that would apply between them; that Emmett's testimony regarding his own criminal record and past drug use was not admissible against Hill; and that their defenses were antagonistic to each other. However, Hill failed to meet his burden of showing that he was prejudiced as required by law. Emmett's testimony was admissible against Hill whether Hill and Emmett were tried together or separately. During

the trial, Hill's attorney sought to introduce Emmett's previous criminal convictions for impeachment purposes and evidence of the pending criminal charges to show Emmett's interest in cooperating with the State. Furthermore, "[t]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials." (Citations and punctuation omitted.) *Jordan v. State*, 210 Ga. App. 30 (1) (435 SE2d 256) (1993).

2. In his second enumeration of error, Hill contends that the trial court erred in denying his motion for directed verdict. During his first appeal, we reviewed the sufficiency of the evidence and determined that "the evidence against appellant [was] more than sufficient to enable a rational trier of fact to find him guilty of the offenses charged. . . ." *Hill*, supra at 403-404. Having reviewed the record in the light most favorable to the verdict, we again conclude that a rational trier of fact could have found Hill guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1994.

*Neil A. Smith*, for appellant.

*Lydia J. Sartain, District Attorney, W. M. Brownell, Jr., Assistant District Attorney*, for appellee.