A95A1166. THE STATE v. CARRANZA.
(457 SE2d 699)

BLACKBURN, Judge.

The State appeals the trial court's order which granted defendant Miguel Carranza a/k/a Miguel Carranza Fonnacco's motion to suppress his statement and motion to suppress evidence. We reverse.

In the present case, the trial court granted Carranza's motions based on the police officers' failure to obtain a warrant for his arrest or for the search of his trailer. Agent Craig Covert, with the United States Immigration Service, testified during the motion to suppress hearing that the Colquitt County Sheriff's Department contacted his office for assistance in an investigation of an illegal alien who was suspected of selling fraudulent green cards and social security cards. As a result of this contact, Agent Covert went to Colquitt County and used an informant to investigate Carranza. The informant wore a hidden microphone during a meeting in Carranza's trailer where Carranza agreed to sell the informant a green card and a social security card. Upon hearing the prearranged signal, Agent Covert and several Colquitt County police officers entered the premises and arrested Carranza.

Agent Covert testified that the police entered the premises without a warrant because they had probable cause to believe a felony had been committed therein. Investigator Jolley, with the Colquitt County Sheriff's Department, testified he knew that illegal documentation could be purchased from someone in the trailer park; he just did not know it was through Carranza.

" 'An arrest for a crime may be made by a law enforcement officer . . . without a warrant if the offense is committed in his presence *or within his immediate knowledge,* . . . or for other cause if

there is likely to be (a) failure of justice for want of a judicial officer to issue a warrant.' OCGA § 17-4-20 (a). (Emphasis supplied.) The words 'in his presence' and 'within his immediate knowledge' are synonymous, and to justify the arrest without a warrant, the officer need not see the act which constitutes the crime taking place if by any of his senses he has personal knowledge of its commission. *Lynn v. State*, 130 Ga. App. 646 (1) (204 SE2d 346) (1974); *King v. State*, 161 Ga. App. 382, 383 (1) (288 SE2d 644) (1982). A valid search without a warrant may be made incident to a lawful arrest or under exigent circumstances when supported by probable cause. *Smith v. State*, 135 Ga. App. 424 (218 SE2d 133) (1975)." *Marsh v. State*, 182 Ga. App. 892, 893-894 (357 SE2d 325) (1987).

The officers had personal knowledge of a crime being committed by the informant's use of the prearranged signal words and, therefore, their arrest of Carranza was proper. Thereafter, the documents were voluntarily given to the officers by Araceli Pena, a resident in the mobile home. Furthermore, Carranza was properly advised of his rights, and his statement was voluntarily given.

*Judgment reversed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 11, 1995 — 

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney,* for appellant.

*May & Horkan, Dwight H. May, James M. Bivins,* for appellee.