A07A1738. ICENHOUR v. THE STATE.
(659 SE2d 858)

BARNES, Chief Judge.

David A. Icenhour appeals the denial of his motion for new trial following his convictions for aggravated battery upon a correctional officer and interference with government property. He contends that his trial counsel was ineffective. Upon review, we affirm.

Icenhour was convicted on February 2, 2005, of aggravated battery upon a correctional officer and interference with government property. He filed a timely motion for new trial, which was denied by order entered on February 1, 2007. A second, identical order purporting to deny Icenhour's motion for new trial was entered on February 9, 2007. Icenhour filed a notice of appeal on March 7, 2007. We found that the order entered on February 9 was not valid to support Icenhour's appeal and could not serve to extend the time for filing a notice of appeal, and we dismissed Icenhour's notice of appeal for lack of jurisdiction. Icenhour filed a motion for an out-of-time appeal which was granted, and this appeal ensued.

Icenhour contends that the trial court erred in denying his motion for new trial because his trial counsel was ineffective. He maintains that his two trial attorneys, Sam Oliver and Angel Blair, were ineffective for failing to ascertain his mental health history, and also that Blair was ineffective for allowing him to take the witness stand and testify about his previous criminal history.

To show ineffective assistance of counsel, a defendant must demonstrate that his trial counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

> With respect to the first prong, the defendant must overcome the strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. With respect to the second prong, the defendant must show a reasonable probability that, but for his counsel's errors, the result of the trial would have been different. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous.

(Punctuation and footnotes omitted.) *Callaway v. State*, 247 Ga. App. 310, 319 (6) (542 SE2d 596) (2000). A court need not determine whether counsel's performance was deficient before examining the prejudice prong. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (Punctuation omitted.) *Covington v. State*, 251 Ga. App. 849, 852 (2) (555 SE2d 204) (2001).

The record reflects that at the time of the incident, Icenhour was an inmate at Smith State Prison. Oliver, a public defender and Icenhour's first trial counsel, hired Blair and assigned her Icenhour's case after he became the supervising attorney with the Georgia Public Defender Standards Council for the Atlantic Judicial District. Oliver met with Icenhour at his arraignment and also before the trial, but turned the case over to Blair because of the increased workload of his supervisory position.

At the new trial motion hearing, Oliver testified that he had handled many cases involving incidents in prisons, that he had no concerns about Icenhour's mental health, that he found Icenhour "to be conversational and [able] to discuss his case [and he] felt comfortable that there wasn't a significant mental issue." He acknowledged that Icenhour's file included institutional reports concerning anxiety and depression, but to his knowledge the file did not contain a mental health evaluation. Oliver further testified that he did not recall Icenhour mentioning any mental health issues, he was not concerned that Icenhour could not assist or cooperate in the case, and that if he had any concerns about Icenhour's mental health his standard

procedure would have been to approach the trial court and seek a mental health evaluation "which [he had] done in many cases many times."

Blair testified that she received Icenhour's mental records from the prison after obtaining a court order and upon evaluating the records had no concerns about going forward with the trial. She recalled that the psychiatric evaluation noted that Icenhour had issues with anxiety and depression, but did not believe that would impair his participation in a trial. She further testified that she had no problems communicating with him, and was not concerned about his mental health status.

On appeal, Icenhour claims that he has suffered from numerous mental health issues throughout his life. But he offered no evidence at the new trial hearing — expert or otherwise — that mental illness might have provided a viable trial defense that should have been further explored by his trial counsel. Accordingly, even if counsel were deficient in failing to investigate the issue further, Icenhour has not demonstrated that he was prejudiced by that failure. See *Jennings v. State*, 282 Ga. 679 (2) (653 SE2d 17) (2007). The trial court, therefore, properly denied this ineffective assistance claim.

Icenhour also complains that trial counsel, Blair, allowed him to "hang himself by his own testimony" by failing to adequately prepare him for and warn him about the dangers of testifying. At trial on direct, when asked by Blair to "tell the jury a little bit about yourself," Icenhour testified about his convictions and why he was imprisoned, essentially opening the door for further inquiry on the issue of his character. Trial counsel allowed Icenhour to testify undisturbed about the convictions. During cross-examination, the State established that Icenhour had also been convicted of child molestation.

Pretermitting whether Icenhour's counsel was deficient in allowing Icenhour to testify about his convictions, again, he must show that "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors." (Citation and punctuation omitted.) *Tutton v. State*, 179 Ga. App. 462, 464 (4) (346 SE2d 898) (1986). Icenhour must show that he likely would not have been convicted of aggravated battery upon a correctional officer and interference with government property had counsel intervened during his testimony. This he has not done.

"The bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (Citations and punctuation omitted.) *Foote v. State*, 188 Ga. App. 304, 305 (372 SE2d 843) (1988). Icenhour's argument that deficient performance per se establishes prejudice

because he "has been denied a right which the Constitution guarantees him" is not the law as established by *Strickland.*

Moreover, "whether or not to testify in one's own defense is considered a tactical decision to be made by the defendant himself after consultation with his trial counsel." *Burton v. State*, 263 Ga. 725, 728 (6) (438 SE2d 83) (1994). Trial counsel testified at the motion for new trial hearing that she advised Icenhour about the risk associated with testifying and that Icenhour said that he wanted to testify to tell the jury the truth.

Accordingly, because Icenhour cannot prove the prejudice prong of this ineffective assistance claim, we find no error in the trial court's denial of his new trial motion.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2008.

*M. Francis Stubbs*, for appellant.

*Tom Durden, District Attorney, Joe G. Skeens, Assistant District Attorney*, for appellee.