[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13385
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00116-BAE-JEG


DAVID ICENHOUR,

Petitioner-Appellant,

versus

JASON MEDLIN,
COMMISSIONER, GEORGIA DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 27, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

David Icenhour, a Georgia prisoner serving a 20-year imprisonment sentence, appeals the district judge's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.  We affirm.

## I.  BACKGROUND

In 2004, Icenhour was charged with aggravated battery on a correctional officer and interference with government property, in violation of Georgia state law.  Ga. Code Ann. §§ 16-5-24; 16-7-24.  Prior to trial, defense counsel requested the pattern jury instruction on reasonable doubt,[1] but the state-trial judge gave a

---

[1] The requested pattern jury instruction read:

> This Defendant is presumed to be innocent until proven guilty.  The Defendant enters upon the trial of the case with a presumption of innocence in his favor.  This presumption remains with the Defendant until it is overcome by the state with evidence which is sufficient to convince you beyond a reasonable doubt that the Defendant is guilty of the offense charged.
> No person shall be convicted of any crime unless and until each element of the crime is proven beyond a reasonable doubt and to a moral and reasonable certainty.
> The burden of proof rests upon the state to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt.
> There is no burden of proof upon the Defendant whatever, and the burden never shifts to the Defendant to prove innocence.
> However, the state is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty.  Moral and reasonable certainty is all that can be expected in a legal investigation.  A reasonable doubt means just what it says.  It is a doubt of a fair-minded juror, honestly seeking the truth.  It is a doubt based upon common sense and reason.  It does not mean a vague or arbitrary doubt, but is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, or any combination of these.
> If after giving consideration to all the facts and circumstances of this case, your minds are wavering, unsettled or unsatisfied, then that is a doubt of the law, and you should acquit the Defendant; but, if that doubt does not exist in your

2

slightly altered instruction instead.[2]  Defense counsel reserved objections to the

jury instructions but did not specifically object to the reasonable-doubt charge.

The jury convicted Icenhour on both counts.

Icenhour subsequently retained new counsel and moved for a new trial on

the basis his trial counsel had been ineffective for failing to ascertain his mental-

health history and had allowed him to take the witness stand and testify.  The

---

> minds as to the guilt of the accused, then you would be authorized to convict the
> Defendant.
>> If the state fails to prove the Defendant's guilt beyond a reasonable doubt,
> it would be your duty to acquit the Defendant.

R at 540.

[2] The trial judge's instruction read:

>> The defendant enters upon the trial of a criminal case with the
> presumption of innocence in his favor.  This presumption of innocence remains
> with him until and unless the State shall overcome and remove it by the
> introduction of evidence and proof to you sufficient to convince your minds
> beyond a reasonable doubt of his guilt.
>> However, the State is not required to prove the defendant guilty beyond all
> doubt or to a mathematical certainty.
>> A reasonable doubt means just what it says.  It is not an imaginary,
> fanciful or arbitrary doubt; it is not a bare possibility of doubt; but it is a doubt of
> a fair-minded juror honestly seeking the truth.  It may arise from the evidence,
> from a lack of the evidence, from a conflict in the evidence, or from the
> defendant's testimony.
>> The burden of proof is on the State to prove every material allegation of
> this indictment and every essential element of the crimes charged beyond a
> reasonable doubt.  There is no burden of proof upon this defendant whatsoever
> and the burden of proof never shifts to the defendant to prove that he is innocent.
>> Under our law, he is presumed to be innocent and remains so until or
> unless the State proves his guilt beyond a reasonable doubt.

R at 340-41.

3

motion was denied and affirmed on appeal. *Icenhour v. State*, 659 S.E. 2d 858 (Ga. Ct. App. 2008).

In March 2009, Icenhour filed an amended application for writ of habeas corpus in Georgia state court and raised five grounds for relief. Icenhour argued he had received ineffective assistance of appellate counsel when his appellate counsel failed to raise an ineffective-assistance-of-trial-counsel claim based on trial counsel's failure to object to the trial judge's jury instruction on reasonable doubt. Because the trial judge's reasonable-doubt charge omitted several important sentences from the suggested pattern-jury instruction, Icenhour asserted it was constitutionally deficient.

The state post-conviction judge denied Icenhour's habeas corpus application and found Icenhour had failed to demonstrate that his appellate counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), because the trial judge's reasonable-doubt charge was proper. The post-conviction judge also found Icenhour had failed to demonstrate his trial counsel had been ineffective for failing to object to the reasonable-doubt charge, because his trial counsel had reserved objections to the charges given. Icenhour subsequently filed an application for a certificate of probable cause with the Supreme Court of Georgia, which denied the application without discussion.

4

In December 2012, Icenhour filed a § 2254 habeas petition and raised three grounds for ineffective assistance of appellate counsel.  He argued he had received ineffective assistance of appellate counsel and asserted the trial judge's charge on reasonable doubt had been incomplete and had omitted important parts of the pattern charge.

The district judge denied Icenhour's § 2254 petition.  The judge found Icenhour's assertions were conclusory, and he had provided no law or facts which revealed, but for appellate counsel's alleged ineffective assistance, the outcome of his appeal would have been different.  *See Strickland*, 466 U.S. at 694.  The judge granted a certificate of appealability ("COA") on the following issue:

> Whether, given AEDPA's deference to state court decisions, Icenhour's appellate counsel's failure to raise ineffective assistance of trial counsel based on trial counsel's failure to object to the trial court's reasonable doubt instruction itself constituted ineffective assistance of appellate counsel.

R at 824 (referencing 28 U.S.C. § 2254(d)).

## II.  DISCUSSION

Our review in § 2254 proceedings is limited to the issues specified in the COA.  *Williams v. McNeil*, 557 F.3d 1287, 1290 & n.4 (11th Cir. 2009).  To obtain review beyond the scope of the COA, the petitioner must move to expand the COA.  *See Hodges v. Att'y Gen.*, 506 F.3d 1337, 1339 (11th Cir. 2007) (noting petitioner could have moved for reconsideration of order denying a COA and

5

asked for expansion of the COA).  A petitioner abandons arguments not developed in his brief on appeal.  *See Davis v. Jones*, 506 F.3d 1325, 1330 n.8 (11th Cir. 2007) (recognizing, because petitioner had failed to develop an argument that the state court made an unreasonable determination of the facts under § 2254(d)(2) by not challenging any specific factual finding in his brief on appeal, he had abandoned the argument).

Icenhour does not address the certified issue on appeal.  In his counseled brief, he instead changes the nature of his argument.  He concedes his trial counsel properly preserved an objection to the reasonable-doubt instruction and argues his appellate counsel was ineffective for failing to challenge the reasonable-doubt instruction directly on appeal.  Because Icenhour raises an issue not specified in the COA and has not moved to expand the scope of the COA, we need not consider his argument on appeal.  *See Williams*, 557 F.3d at 1290 n.4; *Hodges*, 506 F.3d at 1339.  Since he does not provide any argument or law regarding the issue actually specified in the COA, we deem that issue abandoned.  *See Davis*, 506 F.3d at 1330 n.8.

Because the trial judge's reasonable-doubt instruction was constitutionally acceptable, Icenhour has failed to demonstrate his appellate counsel's performance was deficient under *Strickland*.  An ineffective-assistance-of-counsel claim under *Strickland* is a mixed question of law and fact and is subject to de novo review.

*Brooks v. Comm'r, Ala. Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013).

Pursuant to AEDPA, a federal judge may not grant a state prisoner habeas relief on

a claim the state judge denied on the merits unless the state judge's decision: (1)

"was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States;" or

(2) "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The Sixth Amendment provides a criminal defendant shall have the right to

"the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  To succeed

on an ineffective-assistance claim under *Strickland*, a petitioner must show his

Sixth Amendment right to counsel was violated because (1) his attorney's

performance was deficient, and (2) the deficient performance prejudiced

his defense.  *Strickland*, 466 U.S. at 687, 697.  A court need not "address both

components of the inquiry if the defendant makes an insufficient showing on one."

*Id.* at 697.

Claims of ineffective assistance of appellate counsel are governed by the

same standards applied to trial counsel under *Strickland*.  *Brooks*, 719 F.3d

at 1300.  Under the *Strickland* standard, counsel's performance is deficient if it

falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.

Appellate counsel is not ineffective for failing to raise a non-meritorious claim on

direct appeal. *Diaz v. Sec., Dep't of Corr.*, 402 F.3d 1136, 1144-45 (11th Cir. 2005). Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In a criminal case, the government must prove each element of a charged offense beyond a reasonable doubt. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). The beyond-a-reasonable-doubt standard is a requirement of due process, "but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Id.* As long as a trial judge "instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.* (citation omitted). Taken as a whole, the jury instructions must convey the concept of reasonable doubt correctly to the jury. *Id.* When reviewing the correctness of reasonable-doubt charges, the inquiry is "whether there is a reasonable likelihood that the jury understood the instructions to allow conviction based on" a lower burden of proof than that required by the Constitution. *Johnson v. Alabama*, 256 F.3d 1156, 1191 (11th Cir. 2001) (citation and internal quotation marks omitted).

In this case, the trial judge's reasonable-doubt charge emphasized there was a "presumption of innocence" in Icenhour's favor, and the burden of proof was on

the state "to prove every material allegation of [the] indictment and every essential element of the crimes charged beyond a reasonable doubt." R at 340-41. The trial judge also stated the burden of proof never shifted to Icenhour, he defined "reasonable doubt" as "a doubt of a fair-minded juror honestly seeking the truth," and he noted a reasonable doubt could arise from the evidence, the lack of evidence, a conflict in the evidence, or Icenhour's testimony. R at 340-41. Emphasizing the state's burden and the jury's obligation to focus on the evidence presented, the entire instruction establishes it was not reasonably likely the jury applied the instruction in an unconstitutional manner. *See Victor*, 511 U.S. at 5; *Johnson*, 256 F.3d at 1190-94.

Furthermore, Icenhour has failed to provide any caselaw establishing the trial judge was required to use the pattern jury instruction or the omission of certain phrases from the pattern instruction was error. Consequently, Icenhour's appellate counsel was not ineffective for failing to challenge the reasonable-doubt instruction directly on appeal or by failing to raise an ineffective-assistance-of-trial-counsel claim based on trial counsel's failure to object to the instruction. *See Diaz*, 402 F.3d at 1144-45.

**AFFIRMED.**

9